Niven *et al. v.* Burke.

———◆———

No. 9126.

NIVEN ET AL. *v.* BURKE.

SUPREME COURT.—*Demurrer.*—*Exception.*—*Practice.*—The ruling of the trial court upon a demurrer presents no question to the Supreme Court unless an exception was reserved to the ruling.

REPLEVIN.—*Chattel Mortgage.—Possession of Property.*—The owner of personal property who executes a chattel mortgage thereon, containing a stipulation that he may retain possession thereof until the maturity of the debt, can, if the mortgagee takes possession of such property before that time, recover its possession in an action of replevin.

From the Boone Circuit Court.

*C. S. Wesner* and *W. R. Moore,* for appellants.

*T. J. Cason, R. W. Harrison* and *S. M. Burke,* for appellee.

BEST, C.—This action was brought by the appellee against the appellants, to recover a law library, office furniture and some other personal property.

A demurrer was overruled to the complaint and appellants filed an answer of two paragraphs. The first was a general denial, and the second averred that the appellee had executed a chattel mortgage upon the property to John Niven, one of the appellants, for $1,500; that, after default had been made, the appellee transferred the property to Niven in full satisfaction of the mortgage, and that satisfaction had been duly entered of record. This was denied. The issues were submitted to a jury, and a general verdict returned for the appellee. A motion for a new trial was overruled, and final judgment rendered upon the verdict.

The errors assigned are that the court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

An examination of the record shows that the appellants did not reserve an exception to the ruling of the court upon the demurrer, and, therefore, that assignment presents no question.

The reasons embraced in the motion for a new trial were, that the verdict was not sustained by sufficient evidence, and was contrary to law.

The property in dispute belonged to the appellee, and he was entitled to its possession unless his title had been divested by the execution of the chattel mortgage. The proof utterly failed to establish the fact that he had transferred it in payment of the mortgage, and, therefore, if appellants were en-

titled to it, they held it by virtue of the mortgage. The mortgage recited that it was given to secure $1,500, evidenced by certain promissory notes and accounts, but it was not stated when these claims matured. Among other stipulations in the mortgage, it was provided that "the said Samuel W. Burke shall retain possession of said property hereby sold until said indebtednesss shall become due," and the evidence wholly failed to show that anything whatever was due upon the mortgage. Unless something was due, the appellants were not entitled to the possession. Indeed, it is doubtful whether the appellee owed anything upon the mortgage.

Again, a portion of the property taken and detained was not included in the mortgage, and, as to this portion, the appellants had no claim whatever. The verdict was right, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed in all things, at the appellants' costs.