### No. 14,081.

### THE STATE, EX REL. ROE, *v.* WEAVER ET AL.

SUPREME COURT.—*Demurrer.—Exception.—Practice.*—No question is presented to the Supreme Court on a ruling sustaining a demurrer where the exception reserved is to the rendition of the judgment, and not to the ruling on the demurrer.

From the Harrison Circuit Court.

*G. W. Self, N. R. Peckinpaugh* and *C. F. Hays,* for appellant.

*W. N. Tracewell, R. J. Tracewell* and *A. W. Funkhouser,* for appellees.

OLDS, J.—This was an action to compel the appellees, who are school trustees of the incorporated town of New Middleton, in Harrison county, Indiana, by mandate, to make provision for the teaching, and to require to be taught, in the common school of said town the following branches of learning, viz.: Algebra, rhetoric, physical geography and civil government.

A complaint was filed by the appellant, and an alternate writ of mandate issued.

Appellees demurred to the alternate writ, which demurrer was sustained, and the appellant failing and refusing to amend, judgment was rendered on demurrer in favor of appellees against the relator, Matthew A. Roe, for costs.

The error assigned and discussed by appellant is the ruling in sustaining the demurrer.

It is contended by counsel for appellees that no question is presented by the record, as no exception was reserved to the ruling on demurrer, and this contention is supported by the record.

The record shows the ruling of the court sustaining the demurrer, and a refusal of the plaintiff to plead further, and that he abided by the ruling, and that the court rendered

judgment on the demurrer, and that no exception was reserved to the ruling.   Then follows a formal judgment in favor of appellees against the relator, Matthew A. Roe, for their costs and charges in this cause laid out and expended, " to which the plaintiff excepts," and prays an appeal, etc.

The ruling upon a demurrer is one thing, and the rendering of judgment another.   It clearly appears by the record that the exception is to the rendition of the judgment, and there is no exception to the ruling on the demurrer.   The exception to the ruling on the demurrer should have been made and entered at the time of the ruling, before the rendition of the judgment, to reserve any question as to the ruling.   As the question discussed is not presented we can not consider it.   *Niven* v. *Burke*, 82 Ind. 455;  *Fox* v. *Town of Monticello*, 83 Ind. 483;  *Burkam* v. *Burk*, 96 Ind. 270.

Judgment affirmed, with costs.

Filed May 3, 1890.