## WILT v. BOARD OF COMMISSIONERS OF THE COUNTY OF MORGAN.

[No. 8,213. Filed October 15, 1913.]

1. APPEAL.—*Questions Reviewable.—Ruling on Demurrer.—Briefs.* —No question is presented on the ruling on the demurrer to each of several paragraphs of answer, where appellant's brief contains neither a copy of such pleadings, nor their substance, and does not state the ground of the demurrer. p. 241.

2. APPEAL.—*Questions Reviewable.—Ruling on Motion for New Trial.—Briefs.*—No question is presented on the ruling on a motion for new trial, where neither the motion nor the grounds thereof are set out in appellant's brief. p. 241.

3. APPEAL.—*Briefs.—Sufficiency.—Dismissal.*—Under Rule 22 of the Supreme and Appellate Courts, briefs must be so prepared that all questions presented by the assignment of errors and relied on for reversal can be determined from the briefs without

looking to the record, and where there is a total failure by appellant to comply with such rule, a dismissal of the appeal is authorized. p. 242.

From Morgan Circuit Court; *Henry Clay Allen,* Special Judge.

Action by Mary K. Hilt against the Board of Commissioners of the County of Morgan. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*W. S. Shirley* and *G. W. Grubbs,* for appellant.
*Will H. Pigg,* for appellee.

HOTTEL, P. J.—This was an action to enjoin appellee from maintaining on the lands of its county poor farm a ditch alleged to have been so constructed thereon that it caused the water and sand that naturally came on its land to flow over on appellant's lands to her damage. There was an answer in three paragraphs, the first and third of which were affirmative. A demurrer to each of these paragraphs was overruled and this ruling constitutes one of the errors relied on. Appellant's brief does not contain a copy

1. of these pleadings or any of them, or the substance thereof, and does not state the ground of the demurrer. Such brief wholly fails to comply with Rule 22 of this court and hence the ruling attempted to be presented should not be considered. *Holliday* v. *Anheir.* (1910), 174 Ind. 729, 93 N. E. 1; *Myers* v. *State* (1908), 171 Ind. 673, 87 N. E. 141; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 142, 72 N. E. 869, 6 Ann. Cas. 607, and authorities there cited.

Error in overruling her motion for new trial is also relied on by appellant. Her brief nowhere sets out such motion or

2. the grounds thereof, and hence, error, if any, in the ruling thereon is not presented. *Tongret* v. *Carlin* (1905), 165 Ind. 489, 75 N. E. 887; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 32, 33, 93 N. E. 678, and authorities there cited.

Rule 22 of the Supreme Court and this court has been construed in many cases to mean that briefs must be so prepared that all questions presented by the assignment

3. of error and relied on for reversal, "can be determined from an examination of the briefs without looking at the record, and to the extent said rule is complied with, the errors assigned will be determined and others will be considered waived." The failure of appellant to set out in her brief any of the pleadings, the motion for new trial or the grounds thereof, renders impossible an intelligent decision of any of the questions attempted to be presented "without looking to the record", and hence under said rule of the court, and the authorities cited construing it, a dismissal of the appeal is authorized. Appeal dismissed.

NOTE.—Reported in 102 N. E. 878. See, also, under (1) 2 Cyc. 1014, 1015; (3) 3 Cyc. 419.