## DAVIS ET AL. v. BROYLES ET AL.

[No. 8,224. Filed January 7, 1914.]

1. APPEAL.—*Questions Reviewable.—Briefs.*—The statement in appellants' brief, under the heading "Errors", that "the court erred in overruling appellants' motion to modify the judgment and decree entered in the cause. * * * The court erred in overruling appellants' motion for a new trial", was insufficient to present any question on appeal, where neither of such motions was set out, and it nowhere appeared from such brief that such rulings were among those assigned as error, or that they were relied on for reversal, or that appellants had in fact assigned any error. p. 317.

2. APPEAL.— *Insufficiency of Briefs.— Dismissal.—* Where none of the questions attempted to be presented by appellants' brief on appeal can be intelligently determined without resort to the record, a dismissal of the appeal is required. p. 317.

From Superior Court of Marion County (82,964); *Charles J. Orbison,* Judge.

HOTTEL, P. J.—Appellants, as trustees of the Second Second Baptist Church in Indianapolis, against Frances E. Broyles and others. From a judgment for plaintiffs, the plaintiffs appeal. *Appeal dismissed.*

*James A. Bryant,* for appellants.

HOTTEL, P. J.—Appellants, as trustees of the Second Baptist Church in Indianapolis brought this action against appellees to reform a deed and to quiet title to certain real estate described in their complaint. The trial court ren-

dered a judgment decreeing appellants to be the owners of the real estate and reformed their deed and quieted their title thereto; but further adjudged and decreed that appellees have a lien thereon for $———— and ordered that such real estate be sold to satisfy the lien.

From this judgment appellants appeal and file their brief in this court in which, under the heading "Errors", they say: "The court erred in overruling appellants' motion to modify the judgment and decree entered in the cause. * * * The court erred in overruling appellants' motion for new trial." It is nowhere stated in the brief that such rulings were among those assigned as error or that they are relied on for reversal. In fact nothing appears from the brief to show that appellants have ever assigned error in this court, but assuming without deciding that the statement under the heading "Errors" above indicated is sufficient to show the errors relied on for reversal, the brief nowhere sets out either of said motions.

None of the pleadings are set out in the brief. Other failures to comply with the rules might be pointed out but enough has been indicated to show that none of the questions attempted to be presented could be intelligently determined without resort to the record. It follows that the appeal must be dismissed. *Wilt* v. *Board, etc.* (1913), 54 Ind. App. 240, 102 N. E. 878, and authorities there cited; *Scott* v. *State* (1911), 176 Ind. 382, 384, 96 N. E. 125; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790.

Appeal dismissed.

NOTE.—Reported in 103 N. E. 815. See, also, under (1) 2 Cyc. 1014, 1017; (2) 2 Cyc. 1013.