## SPORK v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.

[No. 8,515. Filed February 17, 1915.]

1. APPEAL.—Review.—Complaint.—Ruling on Demurrer.—The sustaining of a demurrer to a complaint can not be deemed erroneous on appeal, where, from the statement of its averments as set out in appellant's brief, the court on appeal can not say that the complaint contained all averments essential to the statement of a cause of action.    p. 113.

2. APPEAL.—Burden to Show Error.—Presumptions.—The burden of showing error rests on appellant, and in the absence of such showing, the ruling of the trial court is presumed to be correct. p. 114.

3. MASTER AND SERVANT.—Injuries to Servant.—Negligence of Vice Principal.—Complaint.—A complaint for personal injuries based on the theory that the negligence charged was that of a vice principal, was insufficient where the allegations show that in the performance of the particular act, the alleged vice principal was in fact performing the work of a coemploye.    p. 114.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by John E. Spork against the International Harvester Company of America. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*Wm. Stilwell,* for appellant.

*James H. Caldwell, McNutt, Wallace & Sanders, David A. Orebaugh* and *Edgar A. Bancroft,* for appellee.

HOTTEL, C. J.—Appellant filed in the trial court a complaint against appellee in two paragraphs in which he sought to recover damages for personal injury. To each of these paragraphs a demurrer for want of facts was sustained. Appellant refused to plead further and judgment was accordingly rendered against him on his complaint and for costs. From this judgment he appeals and asks for its reversal because of alleged error in the rulings on such demurrers.

It is insisted by appellee that appellant is not entitled to a consideration of any question which he attempts to present in his brief because of his failure therein to comply with Rule 22 of this court, and also, because of his failure to make marginal notes on each page of the transcript filed in this court as required by Rule 3 of the court. Since the filing of appellee's brief appellant, by leave of court,

1. has supplied the marginal notes on the transcript, and in a measure at least, has cured some of the defects in his briefs pointed out by appellee. However, from an examination of such briefs this court can not say that appellant, in either of the paragraphs of his complaint, has stated all the essential elements of a cause of action and hence can not say that reversible error is presented by the ruling on the demurrer to either of said paragraphs.

On appeal the burden is always on the appealing party to show reversible error, and the court of appeal, in the absence

of an affirmative showing to the contrary in appellant's briefs, always assumes that the trial court ruled correctly. *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 93, 99 N. E. 132; *Vesey* v. *Day* (1911), 175 Ind. 406, 409, 94 N. E. 481.

From such briefs it appears that appellant's injury resulted "solely" from the negligence of appellee's employe, Butler, in "rolling or pushing a wheel" into an elevator shaft thereby causing the same to fall on appellant's head. Butler is designated as a vice principal of appellant, but the allegations of the complaint as set out in the briefs show that in the performance of the act which is alleged to have been the sole cause of appellant's injury, Butler was in fact performing the work of a coemploye. In such respect the case is controlled by the cases of *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 68 N. E. 262, 63 L. R. A. 460; and *Cleveland, etc., R. Co.* v. *Foland* (1910), 174 Ind. 411, 91 N. E. 594, 92 N. E. 185, in which latter case the cases relied on by appellant are distinguished. It might be added that, so far as appellant's briefs show, other averments essential to each paragraph of the complaint to make either sufficient on any theory are absent.

Judgment affirmed.

NOTE.—Reported in 107 N. E. 740. As to who are vice principals see 41 Am. St. 94; 75 Am. St. 584; 54 L. R. A. 33. See, also, under (1) 2 Cyc. 1014; (2) 3 Cyc. 275; (3) 26 Cyc. 1316, 1394.