HARROLD ET AL. *v.* WHISTLER ET AL.

[No. 8,898. Filed January 14, 1916.]

1. PLEADING.—*Demurrer to Answer.*—*Memorandum.*—Under §344 Burns 1914, Acts 1911 p. 415, relating to procedure in civil cases, a demurrer to an answer, in order to present any question on appeal, must be accompanied by a memorandum pointing out the specific objections to such answer. p. 505.

2. APPEAL.—*Briefs.*—*Presenting Questions for Review.*—*Motion for New Trial.*—No question arising on the motion for a new trial is presented for review on appeal, where neither the motion nor its substance is set out in appellants' brief in compliance with Rule 22, clause 5, and the defect has not been cured by appellees' brief. pp. 506, 507.

3. APPEAL.—*Briefs.*—*Sufficiency.*—To constitute a sufficient compliance with Rule 22, briefs must be so prepared that all questions presented by the assignment of errors and relied on for reversal can be determined from an examination of the briefs without looking at the record. p. 506.

4. APPEAL.—*Briefs.*—*Sufficiency.*—Where appellants' brief contained a number of abstract propositions of law without directing them to any specific error relied on, it was insufficient to present any question. p. 507.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by Alvah N. Harrold and another against Emma E. Whistler and another. From a judgment for defendants, the plaintiffs appeal. *Appeal dismissed.*

*James A. May, Cole & Cole* and *McCracken & Eikenberry*, for appellants.
*Walter G. Todd* and *Franklin W. Plummer*, for appellees.

FELT, P. J.—This is an action for damages for breach of contract, which on trial by jury resulted in a verdict and judgment in favor of appellees. The errors assigned and relied on for reversal are: "(1) Error in overruling the separate and several demurrer of appellants' to the second paragraph of the separate answer of appellee, Emma E. Whistler. (2) Error in overruling the separate and several demurrer of appellants to the second paragraph of the separate answer of appellee, Ephraim H. Whistler. (3) Error in overruling the joint, separate and several motion of appellants for a new trial."

Our attention is called by appellees to the fact that no memoranda accompanied the demurrers on which the first and second assigned errors are based. §344 Burns 1914, Acts 1911 p. 415. In construing the amendment of 1911, *supra*, it has been held to apply to answers, and therefore, a demurrer to an answer, to present any question on appeal, must be accompanied by a memorandum pointing out in a substantial manner the specific objections to, or insufficiencies of, such answer. *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 502, 106 N. E. 541. Any defect not so pointed out will be deemed

waived.     §§344, 348 Burns 1914, Acts 1911
p. 415.

The only remaining assignment questions the
ruling on the motion for a new trial.     Appellants
have not set out their motion for a new trial,
or the substance thereof in their brief, and
this omission is not supplied by appellees.
It has been held by this and the Supreme Court that
the burden is on appellants to present error, and
there must be at least a good faith effort to comply
with the rules of the court and a substantial com-
pliance therewith to entitle an appealing party to a
consideration of the questions sought to be pre-
sented.     Rule 22, clause 5, requires appellant's
brief to contain a concise statement of so much of
the record as fully presents every error and excep-
tion relied on, referring to the pages and lines of the
transcript, which statement will be taken to be ac-
curate and sufficient for a full understanding of the
questions presented for decision, unless the opposite
party in his brief makes necessary corrections or ad-
ditions.     It also provides that following this state-
ment the brief shall contain, under separate head-
ing of each error relied on, separately numbered
propositions or points, stated concisely, and with-
out argument or elaboration, together with the
authorities relied on in support of them.     "Rule 22
of the Supreme Court and this court has been
construed in many cases to mean that briefs
must be so prepared that all questions pre-
sented by the assignment of errors and relied on for
reversal, 'can be determined from an examination of
the briefs without looking at the record, and to the
extent said rule is complied with, the errors assigned
will be determined and others will be considered
waived.' "     *Wilt* v. *Board, etc.* (1913), 54 Ind. App.
240, 242, 102 N. E. 878.     Appellants by their failure

to set out their motion for a new trial or the
2. grounds thereof have waived their right to
insist upon a determination of the questions
arising thereunder. *Wilt v. Board, etc., supra:*
*Tongret v Carlin* (1905), 165 Ind. 489, 75 N. E.
887; *Albaugh Bros., etc., Co. v. Lynas* (1911), 47
Ind. App. 30, 32, 33, 93 N. E. 678; *Cleveland, etc.,
R. Co. v. Beard* (1913), 52 Ind. App. 105, 100 N. E.
392.

Furthermore, in appellants' brief, under "con-
cise statement of the record" they say: "Appel-
lants in their motion for a new trial set out
4. nine alleged errors of the court in the admis-
sion and exclusion of evidence." Under their
"propositions and authorities" they set out a num-
ber of abstract propositions of law, none of which are
directed to any specific ground of such motion, or to
any specific error in the admission or exclusion of evi-
dence, and therefore there is no such compliance
with the rules as to present any question. *Palmer v.
Beall* (1915), *ante* 208, 110 N. E. 218, and cases
cited. No question being duly presented for con-
sideration of this court, the appeal is dismissed.

Note.—Reported in 111 N. E. 79. See, also, under (1) 3 Cyc 158;
(2) 3 C. J. 1415-1420; 2 Cyc 1013; (3) 3 C. J. 1409; 2 Cyc 1014; (4)
3 C. J. 1412; 2 Cyc 1014.