HILL *v.* THE CHICAGO, INDIANAPOLIS, AND LOUISVILLE RAILWAY COMPANY.

[No. 8,968. Filed March 17, 1916.]

1. APPEAL.—*Record.*—*Exceptions to Rulings.*—*Questions Presented.* —Where judgment was rendered on demurrer sustained to the complaint, and the only exception disclosed by the record followed the judgment, no question was presented on alleged error in sus- . taining the demurrer. p. 332.

2. APPEAL.—*Reserving Questions for Review.*—*Exceptions.*—*Certainty.*—An exception must be certain and a party will not be permitted to except to one ruling and make his exception apply to another. p. 332.

3. APPEAL.—*Assignment of Errors.*—*Questions Presented.*—*Judgment on Demurrer.*—Alleged error in rendering judgment against plaintiff on demurrer presented no question, since by refusing to plead further after the demurrer was sustained plaintiff invited the judgment, and in any event such is not a proper assignment. p. 332.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Frank Hill against The Chicago, Indianapolis and Louisville Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Abraham Halleck,* for appellant.

*E. C. Field, H. R. Kurrie* and *Moses Leopold,* for appellee.

HOTTEL, J.—This is an appeal from a judgment on a demurrer to a complaint in an action brought by appellant to recover damages alleged to have resulted from appellee's failure to keep its promise with appellant to furnish him cars for the shipment of cattle. The errors assigned are: "(1) the court erred in sustaining defendant's demurrer to plaintiff's complaint, (2) the court erred in rendering judgment against plaintiff."

The record showing the ruling on the demurrer, and the judgment rendered, is as follows: "And

this cause is now submitted to the court upon said demurrer and the court after hearing the argument and being duly advised in the premises now sustains said demurrer to the plaintiff's amended complaint, and the plaintiff failing and refusing to plead further the court now renders judgment on the demurrer. It is, therefore, considered and adjudged by the court that said demurrer be sustained and the plaintiff take nothing by this action, and that the defendant recover of the plaintiff its costs and charges in this behalf laid out and expended. To which the plaintiff excepts, and prays an appeal to the Appellate Court of this State."

It will be observed that no exception was saved to the ruling on the demurrer and hence no question is presented by the first error assigned. The

1. entry shows two separate independent rulings, or actions of the court, viz., the ruling on the demurrer and the rendering of the judgment. The exception follows the judgment and there is nothing in the entry to show that the exception was taken to the ruling on the demurrer, rather than to the action of the court in rendering judgment on the demurrer after appellant had refused to plead further. Indeed, so far as the entry shows the exception was to the action of the court in rendering judgment. An exception

2. must be certain and a party will not be permitted to except to one ruling and make his exception apply to another. §656 Burns 1914, §626 R. S. 1881; *State, ex rel.* v. *Weaver* (1890), 123 Ind. 512, 24 N. E. 330; *Fox* v. *Town of Monticello* (1882), 83 Ind. 483.

No question is presented by the second assigned error because the demurrer having been sustained to the complaint, appellant, by refusing to

3. plead further, invited the judgment on the demurrer. In any event, this is not a proper

assignment. *Spitzer* v. *Miller* (1905), 35 Ind. App. 116, 73 N. E. 833; *Walter A. Wood, etc., Mfg. Co.* v. *Angemeier* (1912), 51 Ind. App. 258, 260, 99 N. E. 500, and cases cited.

We might add that our examination of the averments of the complaint convinces us that no reversible error resulted from the ruling on said demurrer. Judgment affirmed.

NOTE.—Reported in 111 N. E. 951. See, under (1) 3 C. J. 903; 2 Cyc 717; (2) 3 C. J. 900; (3) 4 C. J. 721; 3 Cyc 256.