## SHULL v. DUNTEN.

[No. 9,449.   Filed June 29, 1916.]

1. APPEAL.—Review.—Motion for New Trial.—Transcript of Evidence.—Necessity.—Where consideration of the causes assigned for a new trial, that are properly assignable under the statute, require an examination of the evidence and the evidence is not in the record, no question is presented for review, on appeal, by an assignment of error challenging the action of the trial court in overruling the motion for a new trial.   p. 604.

2. APPEAL.—Review.—Motion for New Trial.—Time for Filing.—Statute.—No question is presented for review by an assignment of error challenging the action of the trial court in overruling a motion for a new trial where the record shows that such motion was not filed within thirty days from the rendition of the verdict as required by §587 Burns 1914, Acts 1913 p. 848.   p. 604.

3. APPEAL.—*Review.—Assignment of Error.—Judgment.*—An assignment of error that the trial court erred in rendering judgment for or against a party presents no question for review. p. 605.

4. APPEAL.—*Review.—Exception to Judgment.*—An exception to a judgment presents no question for review by the appellate tribunal, since, under the proper practice, the exception should be taken to the ruling of the court upon which the judgment is determined. p. 606.

5. APPEAL.—*Review.—Judgment.—Entry.—Exception.*—Where the record, on appeal, shows an objection and an exception noted at the conclusion of the trial court's entry of the judgment, and such entry is preceded by the court's ruling on the motion for judgment on the interrogatories, the exception so noted is to the judgment and does not apply to the ruling on the motion. p. 607.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Action by Allen G. Dunten against Susannah Shull. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*C. S. Smith* and *E. W. Atkinson,* for appellant.
*P. V. Hoffman,* for appellee.

McNUTT, J.—Appellee has filed a motion to dismiss the appeal herein for the following reasons: "(1) Because the record shows that no appeal was prayed from the final judgment in said cause; (2) Because the assignment of errors presents no question for review in this court, as shown by the record; (3) Because there is such a noncompliance with Rule 22 of this court in the preparation of appellant's brief that no question is presented to this court that can be considered under such rule."

The cause was tried by a jury, which returned a general verdict for appellant, and also answered certain interrogatories submitted July 3, 1915. On July 6, 1915, appellee filed a motion for judgment on the answers to interrogatories, and, on

July 31, 1915, this motion was sustained, and at the same time judgment was rendered for appellee, to which appellant objected and excepted. On August 28, 1915, appellant filed her motion for a new trial, and on August 30, 1915, appellee filed his motion to strike out the motion for a new trial which was overruled, and at the same time appellant's motion for a new trial was overruled and appellant excepted. At the same time appellant prayed an appeal to the Appellate Court, which was granted upon filing an appeal bond for $250, with sureties to the approval of the court within five days. On September 4, 1915, appellant presented her appeal bond in said sum, with surety which was approved by the court. The above was all done at the same term of court.

Appellant's first assignment of error challenges the action of the court in overruling her motion for a new trial. Every reason which appellant

1. assigns for a new trial, that is assignable under the statute, requires an examination of the evidence, and this not being in the record no question is presented by the first assignment of error.

Appellee contends in his brief, on motion to dismiss, that nothing is presented by the first assignment of error for the reason that the motion for a new trial was not filed in time, being more than thirty days after the rendition of the verdict. This contention is supported by authority,

2. and appellant's first assignment presents no question for this additional reason. *Blose* v. *Myers* (1914), 58 Ind. App. 34, 107 N. E. 548; §587 Burns 1914, Acts 1913 p. 848.

Appellant's second assignment of error is as follows: "The DeKalb Circuit Court erred in rendering judgment for the plaintiff and against

the defendant on the interrogatories and answers thereto, submitted to and answered by the jury." It has been frequently held by the Supreme Court and this court that an assignment that the court erred in rendering judgment for or against a party presents no question for review.

3. Such an assignment was made in the case of *Eckart* v. *Marion, etc., Co.* (1915), 59. Ind. App. 217, 109 N. E. 224, in which case judgment was rendered on the answers to the interrogatories. On the subject of the sufficiency of said assignment, Judge Caldwell uses this language: "The action of the court which appellant evidently intends to challenge by such assignment is the ruling sustaining such motion. The motion being sustained, judgment followed as a matter of course, and without any additional ruling. The assignment should have been based, however, on the ruling, rather than on the rendering of the judgment. * * * As indicated, in the mere act of rendering judgment, the court ordinarily is not required to rule. That judgment should be rendered for the one party or the other is determined from some prior ruling of the court, and generally from a succession of rulings. That the judgment was properly or improperly rendered may depend on the correctness of a number of such prior rulings. It follows that ordinarily it cannot be ascertained from a general assignment challenging the judgment what particular ruling the appellant desires to challenge. Such an assignment is therefore not sufficiently specific to satisfy the statute. §696 Burns 1914, §655 R. S. 1881. An assignment of error to be sufficient should specify with reasonable certainty the ruling to be reviewed (citing authorities). While the assignment here is irregular in form, and

not to be commended as a model, taken as a whole we think it refers to a single action of the court, and that there can be no doubt respecting the identity of the ruling intended to be presented for review. We, therefore, hold it to be sufficient."

It is insisted, however, by appellee, in his motion to dismiss, that the record shows that there was no exception to the ruling of the court in sustaining appellee's motion for judgment on the answers to the interrogatories. The record is as follows: "Come now the parties herein and the motion for judgment non obstante verdicto is now by the court sustained. It is therefore considered, adjudged and decreed by the court that the plaintiff Allen Dunten recover of and from the defendant, Susannah Shull the sum of $107.35 without relief from valuation and appraisement laws, together with the costs of this action made and taxed at ————— dollars, to which the defendant objects and excepts." It will be observed that there is no exception immediately following the action of the court in sustaining the motion for judgment on the answers to interrogatories, but at the close of the judgment which the court renders there is an exception. It is not necessary to cite authority 4. that an exception to a judgment presents no question.

In the case of *Hill* v. *Chicago, etc., R. Co.* (1916), 61 Ind. App. 331, 111 N. E. 951, the record was as follows: " 'And this cause is now submitted to the court upon said demurrer and the court after hearing the argument and being duly advised in the premises now sustains said demurrer to the plaintiff's amended complaint, and the plaintiff failing and refusing to plead further the court now renders judgment on the demurrer. It is, therefore, considered and adjudged by the court that said

demurrer be sustained and the plaintiff take nothing by this action, and that the defendant recover of the plaintiff its costs and charges in this behalf laid out and expended. To which the plaintiff excepts, and prays an appeal to the Appellate Court of this State.' " In that case Judge Hottel, speaking for the court, says: "It will be observed that no exception was saved to the ruling on the demurrer and hence no question is presented by the first error assigned. The entry shows two separate independent rulings, or actions of the court, viz., the ruling on the demurrer and the rendering of the judgment. The exception follows the judgment and there is nothing in the entry to show that the exception was taken to the ruling on the demurrer, rather than to the action of the court in rendering judgment on the demurrer after appellant had refused to plead further. Indeed, so far as the entry shows, the exception was to the action of the court in rendering judgment. An exception must be certain and a party will not be permitted to except to one ruling and make his exception apply to another." *State, ex rel.* v. *Weaver* (1890), 123 Ind. 512, 24 N. E. 330; §656 Burns 1914, §626 R. S. 1881; *Fox* v. *Town of Monticello* (1882), 83 Ind. 483.

We hold under the above authorities that the record in the case at bar fails to show that appellant took any exception to the ruling of the court 5. sustaining appellee's motion for judgment, and even though the assignment had been in proper form, it would have presented no question. Appeal dismissed.

NOTE.—Reported in 113 N. E. 381.