KEELEY v. BRADFORD.

[No. 9,135. Filed October 4, 1916.]

1. APPEAL.—Briefs.—Appellee's Failure to File.—Where the appellee fails to file briefs the Supreme and Appellate Courts may, in their discretion, deem such failure as a confession of the errors assigned by appellant. p. 684.

2. APPEAL.—Burden of Showing Error.—Presumption.—The appellate tribunal will presume that the judgment of the trial court is correct, and on appeal the burden is on the appellant to properly present error which will entitle him to a reversal. p. 684.

3. APPEAL.—Briefs.—Appellee's Failure to File.—When Confession of Error.—The appellee's failure to file briefs will not be deemed a confession of error when no error is, in fact, presented by appellant's briefs. p. 685.

4. APPEAL.—Insufficiency of Briefs.—Dismissal.—Where appellant's briefs do not set out enough of the record to present the questions relied on for reversal they fail to comply with Rule 22, cl. 5, of the Supreme and Appellate Courts, and the appeal will be dismissed. p. 685.

From Lake Superior Court; Virgil S. Reiter, Judge.

Action by Jesse B. Bradford against Thomas F. Keeley. From a judgment for plaintiff, the defendant appeals. Appeal dismissed.

*LeGrand T. Meyer*, for appellant.
*Nye & Davis*, for appellee.

HOTTEL, P. J.—This is an appeal from an order and judgment setting aside a former judgment in an action brought by appellee against appellant under §405 Burns 1914, §396 R. S. 1881. A demurrer to an amended complaint was overruled. A general denial, accompanied by appellant's affidavit in opposition to the petition, was filed, whereupon the cause was submitted to the court for trial, with the result before indicated. A motion for new trial was overruled. The rulings on said demurrer and motion for new trial are assigned as error in this court, and relied on for reversal.

Appellee has filed no brief, and appellant asks a reversal of the judgment on the ground that appellee by his failure to appear and file briefs, confesses that reversible error was committed by the trial court. It is true that the failure on the part of an appellee to file briefs has always met with the positive disapproval of the Supreme Court and this court, and the discretionary right or power of such courts to treat such failure as a confession of the errors assigned by appellant has been recognized and declared. *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *Neu* v. *Town of Bourbon* (1901), 157 Ind. 476, 62 N. E. 7; *People's Nat. Bank, etc.* v. *State* (1902), 159 Ind. 353, 65 N. E. 6; *Moore* v. *Zumbrun* (1904), 162 Ind. 696, 70 N. E. 800; *Burroughs* v. *Burroughs* (1903), 180 Ind. 380, 103 N. E. 1. However, the judgment of the trial court comes to the appellate tribunal with every presumption in its favor, and the burden is always on the appealing party to properly present to this court, by record and

briefs which meet the requirements of the law and the rules of the court, at least one error which will entitle him to a reversal of the judgment appealed from. *Spork* v. *International Harvester Co.*, *etc.* (1914), 58 Ind. App. 112, 107 N. E. 740, and cases there cited. This court will not treat appellee's failure to file briefs as a confession of error, 3. when no error is in fact presented by appellant's briefs.

In this case appellant has not set out the complaint or the memoranda accompanying the demurrer thereto, and it would be impossible for this court to determine from appellant's briefs, without resort to the record, whether the ruling on said demurrer was right or wrong, nor can it tell, without resort to the record, whether any error is presented by the ruling on the motion for new trial.

Appellant's briefs wholly fail to meet that 4. requirement of the rules of the court which makes it necessary to set out in the brief enough of the record to present each question relied on for reversal. Rule 22, cl. 5; *Wilt* v. *Board* (1913), 54 Ind. App. 240, 102 N. E. 878; *Davis* v. *Broyles* (1913), 55 Ind. App. 316, 317, 103 N. E. 815, and cases there cited.

For the reasons indicated, the appeal is dismissed.

NOTE.—Reported in 113 N. E. 748. See also Ann. Cas. 1914A 485.