## Liberal Life Assurance Company of Indiana et al. *v.* Cook.

### [No. 9,507.   Filed February 7, 1918.]

1. APPEAL.—*Briefs.—Sufficiency.—Waiver of Error.*—Assigned errors are waived by appellant's failure to present them in its briefs.  p. 600.

2. APPEAL. — *Review.—Evidence.—Sufficiency.—Conclusiveness of Verdict.*—Where the evidence is not conclusive, but is susceptible of the construction placed upon it by the jury, though different inferences might reasonably be drawn by persons equally fair and reasonable, the court on appeal will not disturb the judgment for insufficiency of evidence to sustain the verdict.  p. 601.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by Benjamin H. Cook against the Liberal Life Assurance Company of Indiana and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Jones & Ball,* for appellants.
*Albert H. Vestal,* for appellee.

FELT, J.—This is a suit by appellee to recover for his services as medical examiner for appellants.

The complaint in one paragraph alleges in substance that appellee, on August 11, 1911, was employed by the Liberal Life Insurance Company of Indiana, and that the business of that company was taken over by its coappellant, Liberal Life Assurance Company of Indiana, which company assumed and agreed to carry out the contracts of the former company; that appellee was duly appointed medical examiner for appellants for the county of Madison, State of Indiana, and appellants agreed to pay him for his services the sum of $60 per month, payable on the first day of each month; that he entered upon his employment and served continuously from the date

aforesaid to April 14, 1914; that appellants accepted his services in pursuance of such employment and are indebted to him therefor in the sum of $1,200. Each of the appellants answered the complaint by a general denial and by a plea of payment. A trial by jury resulted in a verdict for appellee in the sum of $1,106.80. Appellee entered a remittitur of $195.43, appellants' separate motions for a new trial were overruled, judgment was rendered on the verdict for the full amount less the sum remitted, and this appeal taken.

Appellants have separately assigned several alleged errors, but have waived all of them by failure to present them in their briefs unless it be the 1. assignment that the court erred in overruling the motions for a new trial.

Appellee earnestly contends that no questions are presented by the briefs because of failure to comply with the rules of the court in the preparation thereof; that under their points and authorities appellants have stated only abstract propositions of law, and have not applied them to any particular assignment of error or to any definite question which is shown to arise under any assignment of error; that points not definitely raised and presented in the original briefs of an appellant cannot be presented in its reply brief.

In the main, appellee's contentions are sustained by the authorities. It is a mere matter of conjecture or speculation as to what particular error or errors the propositions of law stated are intended to be applied. *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and cases cited; *Harrold* v. *Whistler* (1915), 60 Ind. App. 504, 507, 111 N. E. 79.

However, we think a liberal interpretation of the briefs enables the court to know with reasonable certainty that appellants contend that the verdict is not

sustained by sufficient evidence; that to render the verdict the jury must have drawn unreasonable and unwarranted inferences.

The evidence shows a written appointment of appellee, on August 23, 1911, duly signed by the president and secretary of the company and the medical director, indicating that appellee was appointed

2. medical examiner for the Liberal Life Insurance Company of Indiana, at Anderson, Madison county, Indiana. The authority of such officers to make the appointment was duly proved. There is also evidence tending to show that appellee rendered services which were recognized by appellants and that they were to pay him therefor $60 per month. There is also evidence tending to prove that such monthly salary was not intended to continue indefinitely, but was to apply only to a certain kind of insurance for a limited period of time. But such evidence is not conclusive, and the evidence upon the whole case was susceptible of the construction placed upon it by the jury.

It presents a situation where different inferences might reasonably be drawn from the evidence by persons equally fair and reasonable. Where such is the case, this court will not disturb the judgment for the want of evidence to sustain the verdict of the jury. *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 21, 103 N. E. 869; *Chicago, etc., R. Co.* v. *Collins* (1915), 59 Ind. App. 572, 578, 108 N. E. 377, 1135; *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 498, 109 N. E. 784.

No error prejudicial to appellants has been pointed out. The case seems to have been fairly tried and involves but few technical questions. No ground for reversal is shown. Judgment affirmed.

NOTE.—Reported in 115 N. E. 586.