CHASTAIN v. BOARD OF COMMISSIONERS OF THE COUNTY OF ORANGE ET AL.

[No. 9,522.   Filed June 26, 1918.]

1. APPEAL.—*Rulings of Trial Court.—Presumptions.*—On appeal every reasonable presumption is indulged in favor of the trial court.  p. 164.

2. APPEAL.—*Briefs.—Rules of Court.—Burden of Showing Error.* —On appeal the duty rests on appellant to show by his briefs in substantial conformity with the rules of court that an error has been committed by the trial court to which he duly excepted at the time, and, failing so to do, he has no right to a reversal of the judgment from which the appeal is taken.  p. 164.

3. APPEAL.—*Searching the Record.*—The court on appeal will not search the record to reverse, though it may do so to affirm.  p. 164.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Proceedings before the board of commissioners of the county of Orange on the petition of Jacob R. Chastain to have accepted as completed a road constructed by him. Petition opposed by certain tax-

payers and, on a finding by the board against the petitioner, he appealed to the circuit court. From an adverse judgment, the petitioner appeals. *Affirmed*.

*Elliott & Houston* and *Kochenour & Prince*, for appellant.

*Bayless Harvey*, *T. M. Honan* and *Perry McCart*, for appellees.

FELT, P. J.—The appellant, Jacob R. Chastain, instituted proceedings before the board of commissioners of Orange county, Indiana, by filing a verified petition, in which he alleged that the work of constructing the Paoli and Campbellsburg road in Northeast township, of said county, had been fully completed by him in accordance with his contract, and prayed that said board accept said road as so completed.

Certain taxpayers appeared and filed verified answers to appellant's petition, in which they averred that said road had not been completed in accordance with the plan, profile, specifications and contract relating thereto, and in which they set forth in detail facts to show wherein said road had not been duly completed. They also filed an answer of former adjudication.

The board found against appellant, and he appealed to the Orange Circuit Court, from which the venue was changed to the Washington Circuit Court, and from there to the Jackson Circuit Court, where the case was tried by a jury. The jury returned a verdict in favor of defendants, appellant's motion for a new trial was overruled, judgment rendered on the verdict of the jury, and an appeal taken to this court.

The only error assigned is the overruling of the motion for a new trial.

Appellees insist that no errors are duly presented for the reason that appellant has failed to set out the motion for a new trial, or its substance, in his briefs, and has likewise failed to show that any exception was reserved to the action of the court in overruling the motion for a new trial.

The only reference to the ruling of the court in the briefs of appellant is made under "errors relied on for reversal," where it is stated that "the court erred in overruling the appellant's motion for a new trial," and a reference is given to the page of the record containing the assignment of errors. Neither the motion for a new trial nor its substance is set out in the briefs. The briefs nowhere state that appellant reserved an exception to the ruling on the motion for a new trial, and this court cannot know whether such an exception was or was not reserved, without searching the record independent of any assistance given by the briefs in the case.

Appellees have duly presented the proposition in their briefs, and appellant has sought no opportunity by amendment or otherwise to remedy the defects. Every reasonable presumption is indulged in favor of the rulings of the trial court. On appeal the duty rests upon the appellant to show by his briefs in substantial conformity with the rules of the court that an error has been committed by the trial court to which he duly excepted at the time, and, failing so to do, he has no right to a reversal of the judgment appealed from. The court does not search the record to reverse, though it may do so in order to affirm.

*Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 107, 100 N. E. 392; *Davis* v. *Bryant* (1913), 52 Ind. App. 343, 344, 100 N. E. 1062; *Harvey* v. *French* (1915), 183 Ind. 665, 110 N. E. 62; *Schlosser* v. *Schlosser* (1915), 183 Ind. 659, 110 N. E. 66; *Bray* v. *Tardy* (1914), 182 Ind. 98, 105 N. E. 772; *Keeley* v. *Bradford* (1916), 62 Ind. App. 683, 113 N. E. 748; *Spork* v. *International Harvester Co.* (1915), 58 Ind. App. 112, 107 N. E. 740; *Hill* v. *Chicago, etc., R. Co.* (1916), 61 Ind. App. 331, 332, 111 N. E. 951; *Harrold* v. *Whistler* (1916), 60 Ind. App. 504, 506, 111 N. E. 79; *Rook* v. *Straus Bros. Co.* (1916), 60 Ind. App. 381; 110 N. E. 1006.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 1007.