## HUMES *v.* LEARY, GUARDIAN.

[No. 15,354. Filed January 19, 1937.]

*Arthur J. Iles*, for appellant.

*Albert E. Schmollinger*, for appellee.

BRIDWELL, P. J.—Appellant instituted this proceeding against the appellee by filing her petition in the Guardianship of Robert E. Leary which was being administered in the court below. By said petition an order was sought against appellee that she pay to appellant out of the funds of her ward, in her hands as such guardian, the sum of $140.00, alleged to be due and owing to appellant for services that had been rendered to the ward. Appellee, by way of answer to the petition, averred "that the claims set out in the petition did not accrue within six years next before the filing of this petition." A reply in general denial closed the issues. The cause was submitted to the court for trial, and there was a finding and judgment in favor of appellee. In due course appellant filed her motion for a new trial, asserting as causes therefor: (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; (3) that the decision of the court is contrary to law and is not sustained by sufficient evidence. The motion was overruled, and this appeal followed, appellant assigning as errors the action of the court in overruling her motion for a new trial, and "in rendering a judgment over and

against appellant for costs, and that she take nothing by her petition."

The only error properly assigned is the alleged error in overruling appellant's motion for a new trial. An assignment of error that the trial court erred in rendering judgment for or against a party presents no question for review. *Schull* v. *Dunten* (1916), 62 Ind. App. 602, 113 N. E. 381.

We deem it proper to state that the third cause for a new trial assigned in said motion might well have been omitted therefrom, as it is a mere combination of the other two causes assigned, either of which, if true, would impose upon a trial court the duty of granting a new trial.

The record discloses that ownership of the claim sought to be established and enforced was transferred to appellant by virtue of an order of the Marion Probate Court vesting in her the entire estate of her deceased husband, Charles D. Humes, who, during his lifetime, had rendered medical and "court" services to the ward of appellee. The services were rendered within the period of time from August 20 to October 2, 1925. Appellant's husband died October 28, 1932, and prior to his death payments aggregating $110.00 on an account of $250.00, which he had submitted to the person who was at that time guardian, had been made, the last of which was $30.00 in amount, and paid on January 12, 1926. Current reports were filed in the guardianship, showing, among other things, that the payments heretofore mentioned had been made; and these reports were examined and approved by the court; but the claim of $250.00 rendered by the said Charles D. Humes to the guardian was never presented to the court for allowance, either by the guardian or by said Humes. The approval of such reports wherein credit was claimed for payments made to said Humes

on the account which had been rendered to the guardian, did not operate as an allowance by the court of the entire amount of the claim submitted to the guardian as is contended by the appellant. Whether further payments on account of the claimed indebtedness should be made out of the ward's estate was never adjudicated until such question was heard and determined upon the petition filed in this action.

We have read all of the evidence, and, after doing so, conclude that the decision of the court is sustained by sufficient evidence, and is not contrary to law. To summarize the evidence more fully would serve no good purpose, but in the reading of it we note an entire lack of any evidence proving, or tending to prove, the value of any services rendered to the ward of appellee, and for which services a recovery was sought in the court below.

There was no error in overruling the motion for a new trial.

Judgment affirmed.