MATTHEWS *v.* NATIONAL LUMBER STORES, INC.

[No. 15,536. Filed May 25, 1937.]

*Alex A. Runge* and *John L. Herman,* for appellant.

*Farabaugh, Pettingill & Chapleau* and *Walter R. Arnold,* for appellee.

CURTIS, J.—This was an action by the appellant against the appellee to recover a personal judgment upon what is termed a bond or promissory note. The complaint was in one paragraph and was answered by three paragraphs of answer, the first being in general denial and the second and third each alleging a tender of the amount due the appellant. Upon the issues thus made the cause was submitted to the court for trial without the intervention of a jury resulting in a finding and judgment against the appellant and in favor of the appellee. There had been a proper request for a special finding of facts and conclusions of law, but this request was timely withdrawn and there has been no question raised in that regard.

At the close of the evidence offered by the appellant the appellee moved for judgment in its favor. The record made on that motion by the trial court is substantially as follows: "and now the plaintiff rests and now the defendant moves for judgment. . . . And now the motion of the defendant for judgment is sustained by the court, to which ruling of the court the plaintiff at the time duly excepts." After the above entry was made the court rendered judgment against the appellant (plaintiff).

The appellee in its brief states that the above noted exception is the only exception taken by the appellant

in the court below. In the appellant's reply brief this statement is not challenged by the appellant and we will therefore assume it to be correct. No motion for a new trial was ever filed herein and the appellee insists that no question is therefore presented for review. The appellant's assignment of error is as follows:

"(1) The court erred in sustaining defendant's motion for judgment in defendant's favor on the evidence at the close of plaintiff's evidence.

(2) Defendant's motion for judgment in its favor at the close of plaintiff's evidence was in law a demurrer by defendant to plaintiff's evidence and the court committed error in sustaining the same.

(3) The court erred in rendering the judgment which is rendered in this case."

The harmful error, if any error was made by the trial court, was in the decision of the cause. The decision which was made is entirely unchallenged by any of the alleged assignments of error above set forth. The first two of such alleged assignments refer to the action of the trial court in sustaining a motion. It is at once apparent that if the action of the court had stopped with sustaining the motion that no harmful results would have resulted to the appellant. It was not that action that was harmful but rather it was the making of the decision in the case that was harmful, if any harm was done to the appellant. See: *Abernathy* v. *McCoy* (1930), 91 Ind. App. 574, 602, 154 N. E. 682; *Cook & Bernheimer Co.* v. *Hazedorn* (1925), 82 Ind. App. 444, 131 N. E. 788; *Smith* v. *Cleveland, etc., R. R.* (1918), 67 Ind. App. 397, 117 N. E. 534; *Jones* v. *State* (1929), 89 Ind. App. 564, 166 N. E. 158; *Getchel* v. *Chicago Junction R. Co.* (1902), 29 Ind. App. 410, 64 N. E. 618.

The third alleged assignment above set out to the effect that the court erred in rendering the judgment is

too indefinite an assignment to present any question as an independent assignment of error. See:

*Shell* v. *Dunten* (1916), 62 Ind. App. 602, 113 N. E. 381; *Eckhart* v. *Marion, etc., Co.* (1915), 59 Ind. App. 217, 109 N. E. 224.

Notwithstanding the failure of the appellant to present any question we have examined the record sufficiently to say that in our opinion the correct result was reached in the trial court and that is an additional reason for an affirmance.

Judgment affirmed.