INCOME GUARANTY CO. *v.* ZIENLINSKI

[No. 16,168.  Filed May 22, 1939. Rehearing denied October 18, 1939. Transfer denied December 11, 1939.]

C. V. *Shields, Loomis & Hartzer, Arthur L. Roule,* and *Arthur I. Raelson,* for appellant.

*Joseph V. Wypiszynski,* and *Seebirt, Oare & Deahl,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellant to recover an amount alleged to be due him under the provisions of an insurance policy issued by appellant to appellee, because of injuries suffered and insured against by said policy. The issues were closed by appellant filing an answer of general denial to appellee's complaint and supplemental complaint, by which appellee sought to recover eight monthly installments of indemnity of $100.00 each, with interest on each installment from the due date thereof. The cause was submitted to a jury for trial, and the following verdict (omitting its formal parts) was returned:

"We, the jury, find for the plaintiff and assess his damages in the sum of Eight Hundred ($800) Dollars with accrued interest at 6% per annum."

This verdict was returned July 14, 1937. Appellant excepted to its filing, and thereafter, on July 16, 1937, filed its motion for a *venire de novo,* for the following reasons:

"1. The verdict of the jury is so defective, uncertain and ambiguous that no judgment can be rendered thereon.
2. The verdict of the jury does not assess plaintiff's damages in any particular amount or in such amount as can be determined by the verdict and by computation.
3. The verdict of the jury is so uncertain, de-

fective and ambiguous that no legal judgment can be rendered thereon because the amount of the damages attempted to be assessed and stated in the verdict can not be determined by reference to the verdict. This is so for the reason that by the verdict the jury attempted to assess damages for and stated amount 'with accrued interest at the rate of 6% per annum,' without specifying the date from which such interest has accrued, or the principal amount or amounts on which such interest has accrued, the length of time during which such interest has accrued or the amount of such accrued interest, constituting a part of the verdict, making it impossible for the Court to determine from the verdict the amount of damages attempted to be assessed, and to pronounce judgment thereon.''

This motion was overruled, and judgment on the verdict for $800.00 rendered on October 1, 1937, the record entry made being as follows:

''Come now the parties hereto by their respective counsel, and the counsel now argues on the motion for Venire De Novo heretofore filed by the defendant on the 16th day of July, 1937. Plaintiff by counsel now offers and moves to remit accrued interest set forth in the verdict, to which the defendant by counsel objects, and the plaintiff by counsel heretofore having made a motion to offer and move to remit accrued interest set forth in the verdict is now sustained by the Court.

''It is therefore ordered and adjudged that the interest set forth in the verdict be remitted, to which ruling the defendant excepts.

''The motion for Venire De Novo heretofore argued by counsel is now overruled by the Court, to which ruling defendant excepts.

''It is therefore now ordered and decreed by the court that the plaintiff have and recover of and from said defendant the sum of Eight Hundred Dollars ($800.00) on the verdict, together with the costs and charges of this action taxed

at............................... Dollars and
................. Cents, to which the defendant
objects.''

On October 22, 1937, appellant filed its motion for a new trial. A motion filed by appellee ''to strike from the files and the record'' the motion for a new trial was overruled by the court, and thereafter the motion for a new trial was overruled, to which ruling appellant excepted. This appeal followed. The errors assigned are: (1) the court erred in overruling appellant's motion for *venire de novo;* (2) the court erred in filing the verdict of the jury over the objection of the appellant; (3) the court erred in permitting the appellee to remit the interest mentioned in the verdict of the jury over the objection of the appellant; (4) the court erred in rendering judgment against the appellant; (5) the court erred in overruling the appellant's motion for a new trial.

The fourth error assigned presents no question for review. *Shull* v. *Dunten* (1916), 62 Ind. App. 602, 113 N. E. 381; *McGinnis* v. *Boyd* (1896), 144 Ind. 393 42 N.E. 678.

The second assignment is not proper as an independent assignment of error. We note, however, that in the instant case the record shows only that appellant excepted to the filing of the verdict and *nothing more.* When a verdict by a jury is returned in open court and received by the court, it *should* be filed, and its filing would not constitute an erroneous action, even if such action had been properly presented for review.

The fifth error assigned is the overruling of appellant's motion for a new trial. This claimed error is not available as a cause for reversal of the judgment herein since the record discloses that such motion was not filed until October 22, 1937, ap-

proximately 100 days after the verdict was returned on July 14, 1937. It has been so often decided that such a motion must be filed within the time required by our statute (30 days) that citation of authorities so holding seems needless. See §2-2403 Burns Ind. St. Anno. 1933, §370 Baldwin's 1934). The fact that a motion for *venire de novo* was pending until October 1, 1937, did not abrogate this requirement of the statute. *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821.

There remains for consideration the claimed errors in overruling the motion for a *venire de novo,* and in permitting the appellee to remit the interest mentioned in the verdict. In this case appellee ██ sought to recover eight monthly installments of indemnity of $100.00 each, as provided for in the policy sued upon, together with interest on each installment from the due date thereof as alleged in the complaint. The verdict of the jury was for the principal sum of $800.00 "with accrued interest at 6% per anum". On motion of appellee, the court remitted the interest. This action did not prejudicially affect any substantial right of appellant, but was a ruling which operated in its favor, and, in view of the record here, we are of the opinion that it did not constitute reversible error. Appellant also contends that its motion for a *venire de novo* should have been sustained, asserting that the verdict was so defective, uncertain and ambiguous that no judgment could be rendered upon it. We do not agree with this contention. A verdict, however informal, is good if the court can understand it, and will not be avoided except from necessity. *Garrett* v. *The State, ex rel. Huntsinger* (1898), 149 Ind. 264, 49 N. E. 33. Here the verdict is understandable. It was for a definite amount, plus *accrued* interest at a fixed rate. The complaint alleges

the date when each installment of indemnity fell due, and concerning this date there is no dispute disclosed by the record. Had such interest not been remitted, the court could easily have computed the interest on each installment of indemnity from its due date to the date of verdict, and rendered judgment in accordance with the verdict returned.

Finding no reversible error, the judgment is affirmed.