STUTZ *v.* USED CAR LOAN COMPANY, INCORPORATED

[No. 17,940. Filed October 17, 1949. Rehearing denied November 21, 1949.]

574

*D. O. Mitchell,* of Indianapolis, for appellant.

*Silas Lipman,* of Indianapolis, for appellee.

PER CURIAM.—The assignments of error in this case are as follows:

"1. The Court erred at the conclusion of the testimony of the appellee and after it had rested in overruling the motion of the appellant for a directed judgment.

"2. The Court erred in its judgment that the appellee recover from the appellant the sum of two hundred twenty-five ($225.00) dollars damages, with costs, and the possession of one Lincoln Sedan Automobile Zephyr, Model 73, year 1939, Motor No. H-75500.

"3. The Court erred in decreeing a judgment for two hundred twenty-five ($225.00) dollars and costs against appellant.

"4. The Court erred in decreeing the appellee was entitled to recover the possession of one Lincoln Sedan Automobile Zephyr, Model 73, year 1939, Motor No. H-75500.

"5. The Court erred in its judgment against the appellant which is contrary to the law and the evidence in the case, and in subsequently overruling appellant's motion for new trial."

The first four assignments of error, and that part of the fifth which reads: "The Court erred in its judgment against the appellant which is contrary to the law and the evidence in the case" are not proper independent assignments, and present no question for review. *Rothchild* v. *Citizens*

*Loan Co.* (1936), 102 Ind. App. 397, 2 N. E. 2d 810; *Simpson* v. *Fuller* (1944), 114 Ind. App. 583, 51 N. E. 2d 870; *Income Guaranty Co.* v. *Zienlinski* (1939), 107 Ind. App. 248, 21 N. E. 2d 87; *LaSalle Extension University* v. *Kronewitter* (1949), 119 Ind. App. 341, 86 N. E. 2d 707.

The fifth assignment of error is a proper assignment insofar as it is based upon the overruling of appellant's motion for new trial. We have examined this motion, however, and find that it does not present any of the statutory causes for a new trial. Hence no question is presented for review.

The judgment of the lower court is therefore affirmed.

NOTE.—Reported in 88 N. E. 2d 50.