WENGER ET AL *v.* CLAY TOWNSHIP OF ST. JOSEPH COUNTY ET AL.

[No. 8,991. Filed April 25, 1916.]

1. PLEADING.—*Demurrer.*—*Memorandum.*—A demurrer to an answer, unaccompanied by a memorandum of defects, raises no question. p. 641.

2. CONTRACTS.—*Interest in Real Estate.*—*Validity of Contract.*— An instrument in the form of a deed conveying and warranting "the right to take gravel, sand and soil" to be paid for at a certain price for each cubic yard taken, providing that the grant shall be perpetual, duly signed and acknowledged by both parties and recorded, must be treated as the conveyance of a voluntary interest in land, and was valid as between the parties and their privies. pp. 641, 643.

3. CONTRACTS.—*Interest in Real Estate.*—*Profit a Prendre.*—The right to enter upon the lands of another and remove such portion of the soil as is granted is termed a *profit a prendre*, and it takes the character of an interest or estate in the land itself, rather than that of a proper easement, and may be held in fee, for life or for years; but a contract to sell gravel, sand and soil from one's land, while attached to the land, may be so worded as to pass no title until the same is severed from the land. p. 642.

From the St. Joseph Circuit Court; *Walter A. Funk*, Judge.

Action by Susana Wenger and others against Clay Township of St. Joseph County and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Hubbell, McInerny, McInerny & Yeagley* and *J. Elmer Peak*, for appellants.

*Anderson, Parker, Crabill & Crumpacker*, for appellees.

IBACH, C. J.—Appellant Susana Wenger entered into a written contract with appellee township, in the year 1903, whereby she conveyed and warranted to appellee "the right to take gravel, sand and soil" from certain lands owned by her at that time, and in which the remaining appellants acquired an interest afterwards. The remaining

provisions of the contract material to the question we are called upon to determine are: "The said gravel, sand and soil to be taken in such quantities, from such points and at such times as said second party (appellee) desires. The said second party agrees to pay first party the sum of ten cents per cubic yard for such gravel, sand and soil as is taken under this agreement: this agreement is to run with said land perpetually hereafter from the date of the execution of this contract."

This suit was brought by the appellants, who now claim to own the land involved, to quiet their title thereto, and the cloud which it is averred exists is the aforesaid agreement which has been made a matter of record. The answer and cross-complaint filed by appellees are each based on the same agreement, and by the cross-complaint appellees seek to have the rights granted thereunder established and quieted. Appellants filed joint demurrers to the answer and cross-complaint, which were each overruled and judgment entered in favor of appellees in accordance with the prayer of the cross-complaint. These rulings present the only question for review. The demurrer to

1. the answer raises no question, as no memorandum was attached thereto. §351 Burns 1914, §346 R. S. 1881; *Muncie Electric Light Co.* v. *Joliff* (1915), 59 Ind. App. 349, 109 N. E. 433; *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 106 N. E. 541.

The question presented by the demurrer to the cross-complaint is the validity of the agreement upon which this pleading is based. Appel-

2. lants' position is that such writing is wanting in consideration and mutuality and is therefore invalid, while appellee insists that it

constitutes a voluntary grant of an interest in lands, and as between the contracting parties and their privies it is valid without an expressed or unexpressed consideration. It must be conceded that the writing is in many respects similar to a deed. It provides that "the first party conveys and warrants to the second party the right to take gravel, sand and soil from any part of the land," then follows a description of the land, and then it is provided that the grant is perpetual from the date of its execution. It contains also a provision for the payment of the consideration agreed on for each cubic yard of gravel taken. The signature of both parties is attached, and it was acknowledged before a notary public. The writing was recorded by appellee township in the deed records of St. Joseph County. It must be presumed also that the parties to the instrument, in the absence of fraud or undue influence or mistake, intended that the writing should be in the form of a deed, for it was so prepared and signed by them. It may also be presumed that it was so prepared because of the statute which requires all conveyances of land or of any interest therein to be in writing. The authorities also are uniform in holding that the subject-matters, "sand, gravel and soil", are susceptible of a grant, and it is settled that a voluntary conveyance of an interest in land is valid as between the parties and their privies, although there be no consideration, expressed, or unexpressed. 1 Jones, Conveyancing §266; *Randall* v. *Ghent* (1862), 19 Ind. 271.

The right to enter upon the lands of another and remove such portion of the soil as is granted has been described by law writers and in the older authorities as well as in some of the later ones as a *profit a prendre*. In 23 Am. and Eng. Ency. Law (2d ed.) 188, this language is used,

"Where the right of *profit a prendre* belongs to an individual distinct from the ownership of the lands, it takes the character of an interest or estate in the land itself, rather than that of a proper easement, and may be held in fee, for life or for years." See, also, *Huff* v. *McCauley* (1866), 53 Pa. St. 206, 91 Am. Dec. 203; *Johnstown Iron Co.* v. *Cambria Iron Co.* (1858), 29 Pa. St. 241, 72 Am. Dec. 783; *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 561, 63 N. E. 490; *Knight* v. *Indiana Coal, etc., Co.* (1874), 47 Ind. 105, 17 Am. Rep. 692; *Bracken* v. *Rushville, etc., Road Co.* (1866), 27 Ind. 346. Appellants' position is correct in the contention that such portions of the soil as are involved here may be severed from the land and when so severed, they become goods and chattels.  And it is also true that a contract to sell materials such as those in suit, while attached to the land, might be worded so as to pass no title until the same are severed from the land and thereby become personal property.  But unfortunately, such

2.  facts do not appear here.  On the contrary, by the execution of the written contract before us, it is quite apparent that appellant must be held to have attempted thereby to convey to appellee a present interest in such materials, which, on all the authority we have been able to find, is a transfer of an interest in land, but not exclusive of the right of the grantor to take and dispose of them, and not a sale of personal property.

Since the contract must be held to be valid and binding, it is immaterial whether the instrument itself is called a contract or a deed.  Being valid between the parties, it must necessarily be held valid as to the other appellants who purchased an interest in the land, subsequent to its execution and recording.  We are therefore constrained

644          APPELLATE COURT OF INDIANA,

Acme White Lead, etc., Works *v.* Indiana Wagon Co.—61 Ind. App. 644.

to hold that the cross-complaint was sufficient to withstand the demurrer, and there was no error in overruling it. Judgment affirmed.

NOTE.—Reported in 112 N. E. 402. As to distinction between covenants that run with land and servitude or easements imposed on land, see 82 Am. St. 675.