## TRAYLOR *v.* McCORMICK ET AL.

[No. 9,235.   Filed March 7, 1917.]

1. APPEAL.—*Review.—Harmless Error.—Withdrawal of Interrogatory.*—Where, in an action on a note, the jury answered affirmatively an interrogatory as to whether defendant A signed the note in suit as surety for two of the defendants and by their verdict found that the note was given for a partnership debt of such defendants and was executed by A as surety for them, the withdrawal of an interrogatory, asking whether A agreed with one of the partners that he would stand for the other partner and make good one-half of the partnership business, was harmless, especially as even an affirmative answer to such question would not have been in irreconcilable conflict with the general verdict.   p. 697.

2. TRIAL.—*Verdict.—Conflicting Answers to Interrogatories.*—Answers to interrogatories which are contradictory neutralize each other and the general verdict prevails.   p. 698.

3. APPEAL.—*Briefs.—Questions Presented.—Rules of Court.*—No question is presented for review as to alleged error in the giving of instructions where appellant fails to set them out in his brief or to show that any exceptions were reserved to those complained of and no specific point or proposition is directed to the alleged error as required by the fifth clause of Rule 22 of the Appellate Court.   p. 699.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Ebb McCormick against Manford Traylor and others. From the judgment rendered, Traylor appeals. *Affirmed.*

*J. W. Wilson,* for appellant.

*E. P. Richardson* and *A. H. Taylor,* for appellees.

FELT, C. J.—This is a suit on a promissory note brought by appellee, Ebb McCormick, against appellant and appellees, Chelsea Gray, Oliver H. Gray, George W. Traylor and William T. Sherman. The complaint alleges in substance that appellees, Chelsea Gray, Oliver H. Gray and appellant, Manford Traylor, executed their promissory note to appellee George W. Traylor for $200; that the payee indorsed the note to William T. Sherman, who likewise indorsed and transferred it to the plaintiff, Ebb McCormick.

Appellant, Manford Traylor, filed a cross-complaint in which he sought to show that he and Chelsea Gray were partners in business; that Oliver H. Gray is the father of Chelsea Gray, who was and is the son-in-law of appellant; that by an arrangement between said parties appellant agreed to sign the notes of said firm to make good the liability thereon of Chelsea Gray only, who was insolvent; that appellant and said Oliver H. Gray were and are solvent; that he signed the note in suit under said agreement and not otherwise, and is only liable for one-half of the amount thereof and should have judgment accordingly against said Oliver H. and Chelsea Gray. Oliver H. Gray also filed a cross-complaint in which he set up facts seeking to show that appellant and Chelsea Gray were partners in business and that he was surety for them on the note in suit, as such partners, and that he received no part of the consideration therefor; that judgment should be rendered against him only as such surety.

Issues were joined on the complaint by general denial of the parties thereto other than George W. Traylor, Chelsea Gray and William T. Sherman, who defaulted. All the defendants to the cross-complaints answered the same by general denials.

The case was tried by a jury which returned a verdict as follows: "We the jury find for the plaintiff and that

he recover of and from defendants Manford Traylor, Chelsea A. Gray, and Oliver H. Gray, the sum of $223.60 principal and interest on the note sued on herein and the further sum of $30.00 attorney fees. We further find that the note sued on was given for the partnership debt of Manford Traylor, and Chelsea A. Gray and that Oliver H. Gray, executed said note as the surety of Manford Traylor and Chelsea A. Gray.'' Judgment was rendered in accordance with the verdict.

The only error assigned and relied on for reversal is that the court erred in overruling appellant's motion for a new trial.

Appellee, Oliver H. Gray, by his attorneys earnestly insists that no questions are presented by the briefs under the rules of the court and that the appeal should be dismissed or the judgment affirmed by reason of such failure to duly present any question for decision. The briefs are justly subject to criticism and only by the most liberal interpretation permissible can we hold that they present any question to this court. To the extent that we can ascertain from the briefs the questions appellant seeks to present they will be considered.

An interrogatory was submitted to the jury as follows: ''Did Oliver H. Gray agree with Manford Traylor at the beginning of the business of Gray and Traylor, that

1.  he would stand for Chelsea Gray and make good one-half of the partnership business?'' The jury failed to answer the question. The record shows that the court directed the jury to return to their room and answer the question, and is immediately followed by an entry which shows that the court of its own motion withdrew the interrogatory from the consideration of the jury over the objection and exception of appellant. This action of the court is assigned as one of the grounds for a new trial. Assuming that the interrogatory was a proper one to submit to the jury, and that there was some evidence from which the

jury could have answered it, the error, if any, in withdrawing it was harmless to appellant. The jury were asked, "Did the defendant, Oliver H. Gray, sign the note in suit as surety for the firm of Gray and Traylor?" and they answered, "Yes." In addition to this, by the peculiar form of their general verdict, the jury state that the note in suit was given for the partnership debt of appellant and Chelsea Gray, and that Oliver H. Gray executed the note as surety for both of such partners. Had the jury given an affirmative answer to the question which was withdrawn by the court, and this would have been the most favorable answer for appellant that could have been made, it would not have been in irreconcilable conflict with the general verdict, for such an arrangement as is indicated by the question might have been made, and still it would not conclusively show that Oliver H. Gray was not surety on the note in suit for both appellant and Chelsea Gray.

Furthermore, proof was clearly admissible under the issues to show that appellant executed the note in suit as surety for both the partners. *American Steel, etc., Co.* v. *Carbone* (1915), 60 Ind. App. 484, 491, 109 N. E. 220, 1095. We do not think the interrogatory or any answer that might have been made to it could have been influential in the decision of the case, but in any event, if the question had remained before the jury and an affirmative answer had been made to it, such answer would have done no more than suggest some slight inconsistency with the answer above set out, which shows that Oliver H. Gray was surety for both appellant and Chelsea Gray. Answers which are contradict-

2.   ory neutralize each other and the general verdict prevails. *Baltimore, etc., R. Co.* v. *Keiser* (1912), 51 Ind. App. 58, 70, 94 N. E. 330; *Southern R. Co.* v. *Utz* (1912), 52 Ind. App. 270, 279, 98 N. E. 375.

Some suggestion is made of error in the giving of the instructions, but the instructions are not set out in the

briefs; it is not shown that any exceptions were duly
3.  reserved to the ones of which complaint is made and
no specific point or proposition is directed to the
alleged error as required by the fifth clause of Rule 22 of
the court. *Hart* v. *State* (1913), 181 Ind. 23, 27, 103 N. E.
846; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596,
626, 103 N. E. 652.

The case seems to have been fairly tried. The contro-
verted questions were plainly submitted to, and definitely
decided by the jury adversely to appellant. No error has
been pointed out which deprived appellant of any substan-
tial right or in any way prejudiced him in his defense to
the suit. Judgment affirmed.

NOTE.—Reported in 115 N. E. 346. See under (1) 38 Cyc 1928;
(2) 38 Cyc 1927.