SCOTTISH UNION AND NATIONAL INSURANCE COMPANY *v.* B. E. LINKENHELT AND COMPANY, INCORPORATED.

[No. 9,548. Filed December 31, 1918. Rehearing denied May 29, 1919.]

1. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*— Sustaining a demurrer to a paragraph of answer was harmless, where proof of the facts alleged therein was admissible under the general denial, and the record shows that evidence pertinent to the issue alleged was in fact admitted and that the jury was properly instructed with reference thereto. p. 326.

2. APPEAL.—*Review.—Weight of Evidence.*—The court on appeal will not weigh the evidence. p. 327.

3. APPEAL.—*Review.—Verdict.—Evidence.—Inferences.* — In determining the sufficiency of the evidence on appeal, every inference reasonably deducible therefrom will be indulged to support the verdict. p. 327.

4. EVIDENCE.—*Inferences.—Force and Effect.*—An inference, when authorized and drawn, has the same force and effect as a proved fact, and, in connection with the other facts established, may authorize a further or additional inference or inferences. p. 327.

5. INSURANCE.—*Tornado Insurance.—Action.—Pleading.—Condition Precedent.—Right to Repair.*—Where a tornado policy provided that the insurer reserved the right, if so elected, to repair, rebuild, or replace any property damaged or destroyed, the insurer, in order to avail itself of the defense that insured, by repairing the damaged property, breached the policy, must plead an election to exercise an option to repair, or facts excusing the failure to elect, since such election is a condition precedent to insurer's right to repair. p. 328.

6. APPEAL. — *Review. — Refusal of Instructions. — Repetition.* — Where, on a number of issues in the case, defendant tendered several instructions which were so nearly alike that the giving of all of those requested on any one subject might have resulted in a repetition harmful to plaintiff, but as to each issue the court

gave at least one of the instructions tendered thereon, defendant was not prejudiced by the refusal of the remainder of the requested instructions.　p. 330.

7.　APPEAL.—*Waiver of Error.—Instructions.*—Error, if any, in the giving of an instruction relating to the measure of damages is waived by appellant's failure to assert on appeal that the damages awarded are excessive.　p. 330.

8.　APPEAL.—*Review.—Evidence.—Motion to Strike Out.—Necessity of Objections.*—Where a witness was permitted to testify without objection, the overruling of a motion to strike out the testimony presents no question for review on appeal.　p. 330.

9.　INSURANCE.—*Tornado Insurance.—Action on Policy.—Evidence. —Velocity of Wind.—Competency.*—In an action on a tornado policy, evidence of the velocity of the wind at about the hour of the damage to plaintiff's property at a point three and one-half miles from the place where plaintiff's property was located was properly admitted, the distance of the witness from plaintiff's property bearing on the weight of his testimony rather than on its competency.　p. 331.

10.　APPEAL.—*Review.—Evidence.—Waiver of Error.*—Whether evidence relating solely to the question of damages was erroneously admitted will not be considered on appeal, in the absence of any contention by appellant that the amount of recovery is excessive. p. 331.

11.　INSURANCE.—*Tornado Insurance.—Action on Policy.—Verdict. —Answers to Interrogatories.*—In an action on a tornado policy, involving the question whether there was a windstorm within the terms of the policy at the time of damage to plaintiff's property, defendant's motion for judgment on answers to interrogatories showing that the wind blowing at the time insured's property was damaged was a usual wind at that season of the year in the locality in question, and that wind of much greater velocity at such time of the year was of frequent occurrence, was properly overruled, where the general verdict was for plaintiff and such answers were nullified by answers to other interrogatories finding that the wind attained velocity greater than twenty-eight to thirty miles per hour, and that a wind of that velocity was unusual.　pp. 331, 332.

12.　INSURANCE.—*Tornado Insurance.—Construction of Policy.— Windstorm.*—A windstorm, within the terms of an insurance policy indemnifying insured against loss or damage to property by windstorm, cyclone or tornado, takes its meaning from the words "tornado" and "cyclone," with which it is associated, and should be construed as something more than an ordinary gust of

wind, no matter how prolonged, and, although it need not have either the twirling or whirling features which usually accompany tornadoes or cyclones, it must assume the aspect of a storm. p. 331.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by B. E. Linkenhelt and Company, Incorporated, against the Scottish Union and National Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Burke G. Slaymaker,* for appellant.
*Martindale & Martindale,* for appellee.

HOTTEL, J.—This is an action by appellee to recover on an insurance policy in which appellant promised to indemnify appellee against loss or damage to certain of its property by windstorm, cyclone or tornado.

Fifty-six propositions are stated under appellant's points and authorities, of which the first challenges the action of the circuit court in sustaining a demurrer to appellant's second paragraph of answer.

This answer set up, by way of defense, a provision in the policy to the effect that "this company shall not be liable for any loss or damage caused by hail, whether driven by wind or not, snow-storms, frost," etc. The memorandum filed with the demurrer shows that this defense was challenged on the ground that it was an argumentative denial, and that proof of the facts alleged therein was admissible under the general denial. The demurrer was evidently sustained on this theory, and, as the record shows that evidence pertinent to such issue was in fact admitted, and that the jury was properly instructed with reference thereto, it follows

that no harm could have resulted from the ruling in question.

Appellant's propositions Nos. 2 to 33, inclusive, are directed to that ground of the motion for a new trial which challenges the verdict of the jury 2. as not being sustained by the evidence, and, subject to the exception hereinafter indicated, they may be disposed of through an application 3. of rules of law so well established that no citation of authority is necessary for their support, viz.: (1) That an appellate tribunal will not weigh the evidence; and (2) that every inference reasonably deducible therefrom will be indulged to support the verdict of the jury. As pertinent to the questions presented by some of appellant's propositions we should add, in this connection, that an inference, when authorized and drawn, has the same force 4. and effect as a proved fact, and, in connection with the other facts established, may authorize a further or additional inference or inferences. *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 525, 120 N. E. 709; *Public Savings Ins. Co.* v. *Greenwald* (1918), 68 Ind. App. 609, 118 N. E. 556, 121 N. E. 47.

The evidence as a whole is very unsatisfactory, and presents a situation in which the circuit court might readily have sustained the motion for a new trial on the ground stated, but, as the record comes to this court, we have no such power. *Oilar* v. *Oilar* (1919), 188 Ind. 125, 120 N. E. 705, 706; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 469, 34 N. E. 227.

The exception above referred to, in discussing the sufficiency of the evidence to sustain the verdict, is found in appellant's contention that appellee is

affirmatively shown to have breached the terms of the insurance contract, and is therefore not entitled to recover. This contention rests on provisions of the policy to the effect: (1) that: "This company (appellant) reserves the right, if it so elect, to take all or any part of the articles damaged at their ascertained or appraised value; also to repair, rebuild or replace any property damaged or destroyed;" and (2) that "the insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described."

The evidence shows that before proof of loss was made, appellee. repaired the building which had been damaged by the alleged windstorm, and appellant insists that, as this act prevented an exercise of its option to repair and restore said building, it amounted to a breach of the contract between the parties. In answer to this argument, appellee directs attention to a further provision in the policy requiring that, "In the event of loss, the insured shall forthwith protect the property from further damage," and asserts that the condition of the building was such as to require immediate repair in order to avoid further damage to the merchandise within. It is also shown that immediately after the storm in question appellant sent a representative to examine and inspect the damaged building and merchandise; that he left without taking steps to repair the property and without indicating an intention or desire so to do, and that appellee then made repairs in order to avoid further loss and damage. In our view of the case, there is no occasion here to discuss the merits of the question which is involved in the respective conditions of the policy above set out. At

most, the alleged breach of contract relied on by appellant would affect its rights only in case it elected to repair the damaged property, and there is no pleading in the case which shows an exercise of the option to repair, or steps taken to that end, or an intention or desire to exercise such option but for the act of appellee. The right to repair is expressly conditioned on an election by appellant and such election was therefore a condition precedent, and should have been pleaded. *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 541, 64 N. E. 11; *Union Central Life Ins. Co.* v. *Jones* (1897), 17 Ind. App. 592, 601, 47 N. E. 342.

It is true that an insured might be guilty of acts and conduct which would prevent or render futile an election on the part of the company, but in such a case the facts relied on as excusing the failure to elect should be set forth in the pleading. *Magic Packing Co.* v. *Stone-Ordean, etc., Co., supra,* 542; *Plowman* v. *Shidler* (1871), 36 Ind. 484, 490.

In the present case, there is not only a failure to present such issue in a proper pleading, but there is also an absence of evidence tending to show an election to repair or an intention or desire to exercise the option to that effect. On the contrary, appellant denied any liability under the policy, and its present claim does not seem to have entered into that denial, as originally stated. The condition of the pleadings, and of the evidence pertinent thereto, serves to distinguish this case from those which are cited and relied on by appellant.

Appellant's propositions Nos. 34 to 48, respectively, challenge the action of the trial court in refusing to

give certain instructions tendered by appellant.

6. It is unnecessary to burden this opinion by setting out or discussing the merits of any of these instructions. It is sufficient to say that, on the issues to which they relate, appellant tendered two or more instructions which were substantially alike, or so nearly so that the giving of all of those tendered on any one subject might have resulted in a repetition prejudicial to the rights of appellee. In every instance, the court gave at least one of the instructions tendered on a particular issue, and, when the instructions which were refused are considered in the light of those which were given, it is evident that appellant's rights were not prejudiced by such refusal. *Yetter* v. *Yetter* (1916), 185 Ind. 206, 208, 110 N. E. 195; *Daywitt* v. *Daywitt* (1917), 63 Ind. App. 444, 450, 114 N. E. 694.

Appellant's proposition No. 49 is directed to instruction No. 5 given by the trial court on its own motion. This instruction, however, relates to

7. the measure of damages, and the error therein, if any, has been waived by appellant's failure to assert, in this court, that the award of the jury is excessive. *Washburn-Crosby Co.* v. *Cook* (1919), 70 Ind. App. 463, 120 N. E. 434, 437, and cases there collected.

The next two propositions stated in appellant's brief relate to the admission of evidence. The first has reference to the testimony of the witness

8. Melvin Green that, at about the hour of the damage to appellee's property, he was driving along a road about three and one-half miles east of the city of Plymouth, in which appellee's property is situated, and that "the wind was blowing so hard I could not get across the railroad; the sleigh went

over.'' The record discloses no objection to the admission of this evidence, but shows that after its admission, appellant moved to strike out ''what took place three and one-half miles east of Plymouth.'' This motion presents no question for review since there is no error in refusing to strike out testimony which is admitted without objection. *Eckman* v. *Funderburg* (1915), 183 Ind. 208, 213, 108 N. E. 577; *Regina Co.* v. *Galloway* (1912), 50 Ind. App. 92, 93, 98 N. E. 81. Furthermore, the time and place of the experience narrated by the witness would have a bearing on the weight of his testimony, rather than on its competency, and, under the circumstances, the evidence was properly received.

The second objection to the admission of evidence relates to the testimony of one of appellee's officers concerning the cost of the repairs which were made on the damaged building, but, in the absence of any contention on the part of appellant that the amount of recovery is excessive, there is no occasion to consider this objection in detail, since the evidence related solely to the question of damages. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 229, 100 N. E. 758.

Finally, it is contended that appellant's motion for judgment on the answers to interrogatories returned by the jury should have been sustained. This contention rests on the answers to interrogatories Nos. 12 and 19, to the effect, respectively, that the wind which was blowing at the time appellee's roof collapsed was a usual wind in the winter season in Marshall county, and that a wind of greater velocity than that which was blowing on said occasion was of frequent occurrence in

Marshall county in the winter season. As stated in *Jordan* v. *Iowa, etc., Ins. Co.* (1911), 151 Iowa 73, 77, 130 N. W. 177, Ann. Cas. 1913A 266, a windstorm, within the meaning of an insurance policy such as the present, "should be construed as something more than an ordinary gust of wind, no matter how prolonged; and it takes its meaning measurably at least from the other words with which it is associated, to wit, tornado and cyclone. However, it need not have either the cyclonic or the twirling or whirling features which usually accompany tornadoes or cyclones, but it must be more than an ordinary current of air no matter how long continued. In other words, it must assume the aspect of a storm, i. e., an outburst of tumultuous force." The general verdict of the jury necessarily finds the existence of a "windstorm," as above defined, and that finding is at variance with the answers to interrogatories which tend to show only an ordinary or usual wind, entirely seasonable in character. These answers, however, are nullified by the answers to interrogatories Nos. 14 and 15, to the effect that at the time of the injury to appellee's property the wind had attained a velocity greater than twenty-eight to thirty miles per hour, and that a wind of that velocity was a high or unusual wind for the winter season in Marshall county. It thus appears that the answers relied on by appellant, in so far as they tend to contradict the general verdict, are destroyed by other answers returned by the jury, and the motion for judgment thereon was therefore properly overruled. *Wise* v. *Cleveland, etc., R. Co.* (1915), 183 Ind. 484, 487, 108 N. E. 369; *Traylor* v. *McCormick* (1917), 63 Ind. App.

695, 698, 115 N. E. 346; *Williams* v. *Lowe* (1916), 62 Ind. App. 357, 364, 113 N. E. 471.

. No reversible error appearing, the judgment of the trial court is affirmed.