## W. T. RAWLEIGH COMPANY *v.* HUGHES ET AL.

[No. 9,672. Filed January 28, 1919. Rehearing denied May 8, 1919.]

1. APPEAL.—*Questions Reviewable.—Briefs.*—Under Rule 22 of the Appellate Court, requiring that appellant's brief be so prepared that all questions presented by the assignment of errors can be determined by an examination of the brief, without resort to the transcript, the court on appeal cannot review the overruling of a demurrer, where it is not stated or shown in the brief that any specific objection or memorandum was filed with the demurrer. p. 129.

2. APPEAL.—*Questions Reviewable.—Ruling on Demurrer.—Failure to Take Exception.*—The overruling of a demurrer cannot be reviewed on appeal, where no exception to the ruling was taken. p. 129.

3. APPEAL.—*Questions Reviewable.—Failure to Take Exceptions.*— The action of the trial court overruling a motion to strike out the name of a party defendant, and in denying a motion to strike out paragraphs of answer, cannot be reviewed on appeal, where no exceptions are shown to have been taken to such rulings. p. 129.

4. APPEAL.—*Questions Reviewable.—Briefs.*—The trial court's ruling on a motion to strike out paragraphs of answer cannot be reviewed, where the motion is not set out in the brief. p. 129.

5. APPEAL.—*Questions Reviewable.—Briefs.*—The ruling of the trial court denying a motion for new trial cannot be reviewed on appeal, where appellant, although indicating where the motion can be found in the record, fails to set it out in its brief. p. 130.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by the W. T. Rawleigh Company against Chameron C. Hughes and others. From a judgment for plaintiff, it appeals. *Affirmed.*

*Hall & Pell* and *John E. Sedwick,* for appellant.
*S. C. Kivett* and *Miller & White,* for appellees.

McMAHAN, J.—This is an action by the appellant on a contract of guaranty executed by appellees Hughes, Sedden and Moran, in which they guaranteed the honest and faithful performance by appellee Jacob Richardson of a certain contract entered into by him and the appellant. The complaint was for alleged damages sustained by the appellant by reason of the failure of Richardson to pay for merchandise alleged to have been purchased by him of appellant under such contract. Trial by jury, verdict and judgment in favor of appellant in the sum of one dollar.

The errors assigned and relied on for reversal are: "(1) The court erred in overruling appellant's demurrer to the fourth and fifth paragraphs of answer

of the defendants Chameron C. Hughes, William E. Sedden and Walter J. Morgan. (2) The court erred in overruling appellant's motion to strike out the name of Jacob Richardson as party defendant. (3) The court erred in overruling appellant's motion to strike out the first, second and third paragraphs of answer of Jacob Richardson. (4) The court erred in overruling appellant's motion for a new trial.''

The first assignment of error presents no question for our decision.

The appellant has not stated or shown in its briefs that any specific objection or memorandum was filed with its demurrer on which this assignment of error is based. It has been repeatedly held that Rule 22 requires that appellant's brief be so prepared that all questions presented by the assignment of errors can be determined by an examination of the brief, without looking at the transcript. Not only has the appellant failed to set out in its brief the memorandum, if one was filed, but it does not appear that any exception was taken to the action of the court in overruling the demurrer. *Wenger* v. *Clay Tp.* (1916), 61 Ind. App. 640, 112 N. E. 402.

The second and third assignments of error present no question, as no exception is shown to have been taken to the ruling of the court in overruling appellant's motion to strike out the name of Richardson as party defendant, or in refusing to strike out the first, second and third paragraphs of his answer. The motion to strike out the answers is not set out in the brief as the rules of the court require, so no error is shown, even though an exception had been taken.

This brings us to the fourth and last assignment of error. Appellant contends that the court erred in overruling its motion for a new trial, but has 5. wholly failed to set out this motion in its brief, although we are told where we can find it in the record, and for our further enlightenment we are told that at a later date this motion was overruled and exception reserved, but no information is given us as to where such action and ruling can be found in the record. It is impossible for this court to determine from appellant's briefs, without resort to the record, whether the ruling on the motion for a new trial is correct or not, and this the court has repeatedly declined to do. *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84; *Keeley* v. *Bradford* (1916), 62 Ind. App. 683, 113 N. E. 748; *Harrold* v. *Whistler* (1916), 60 Ind. App. 504, 111 N. E. 79.

Judgment affirmed.