## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* SEDWICK.

[No. 10,061. Filed October 17, 1919. Petition to modify denied January 9, 1920.]

1. RAILROADS.—*Right of Way.—Trespass.—Exemplary Damages.—* Where, in defiance of a judgment obtained after the lease expired, quieting title in the landlord and enjoining the lessee railroad from further operating a switch over the land involved, a railroad continues to so operate, without appropriation proceedings, it is a trespasser, and, in an action for damages for the rental value of the tract and for damages to the farm caused by such wrongful occupancy and use, cannot complain if the amount recovered should contain an element of exemplary damages. p. 134.

2. EMINENT DOMAIN.—*Right of Trespasser to Appropriate.—Railroads.*—A railroad cannot lawfully appropriate land for a switch while so occupying such land as a trespasser. p. 134.

3. EMINENT DOMAIN.—*Compensation.—Title.—Railroads.*—Before title to land for a switch track condemned by a railroad can pass to it, the amount due the owner must be determined and paid. p. 134.

4. ACTION.—*Case.*—*Railroads.*—*Leased Right of Way.*—*Holding Over.*—*Damages.*—*Evidence.*—*Estoppel.*—Where, at the expiration of a 25-years' lease of land for a switch track, the railroad, without condemnation, held over, and the owner secured a judgment quieting her title to the tract and enjoining further use thereof by the railroad and where such railroad continued to hold and use such tract for such switch, without taking any legal steps for the appropriation thereof, but wrongfully claiming title thereto, to the date of the trial, it is not in position to claim that the damages resulting to the owner should have been proved as of any date other than that of the trial. p. 136.

5. APPEAL.—*Review.*—*Evidence.*—*Objections in Lower Court.*—*Briefs.*—An appellant fails to present any question of the admissibility of evidence on appeal where his brief does not show, by the statement of the record required by Rule 22 of the Appellate Court to be contained in his brief, that an objection was made to the reception of the evidence, and the reason therefor; and it is not sufficient to refer to such objection in the motion for new trial, or to state reasons therefor under the heading "Propositions Under Error Relied On." p. 137.

6. APPEAL.—*Record.*—*Instructions.*—*Briefs.*—An appellant, to present any question upon the giving or refusal of instructions, must affirmatively show by his brief that the instructions are a part of the record, and must properly present the errors relied on, with his exceptions. p. 138.

From Owen Circuit Court; *Robert W. Miers,* Judge.

Action by Nancy E. Sedwick against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens, D. P. Williams* and *I. H. Fowler,* for appellant.

*J. E. Sedwick, Willis Hickam, Hubert Hickam* and *Willis Hickam, Jr.,* for appellee.

NICHOLS, P. J.—This was an action by the appellee against the appellant, commenced by filing a complaint, in the Owen Circuit Court, in three paragraphs for damages for wrongfully occupying and appropri-

ating a strip of land 1,800 feet long and twenty feet wide across the lands of appellee, and using it for an unfenced switch track from the date of the expiration of a certain twenty-five-year lease on March 8, 1909, to the date of the trial.

The appellee, by her complaint, asks damages for the rental value of said tract for about eight years before the appropriation thereof, and for damages to the farm caused by such appropriation. The switch involved was built in the year 1884, under a twenty-five-year lease for that purpose, given by appellee's predecessor in title to appellant's predecessor in title. By the terms of the lease appellant as such successor in title was to have surrendered the tract of land at the expiration of the lease and had the right to remove its tracks, unless there was a renewal of the lease. At the expiration of the lease, appellee demanded possession of the strip, which was refused by appellant who continued to occupy and operate the switch thereon, claiming title through certain conveyances, and the principle of impressed servitude. On October 7, 1919, appellee brought a former suit to quiet title to said tract, and for an injunction against appellant to prevent further operation, in which suit appellee prevailed, and the judgment of the lower court was affirmed in the Appellate Court. See *Spencer Stone Co.* v. *Sedwick* (1915), 58 Ind. App. 64, 105 N. E. 525. Ignoring said judgment, and without any appropriation proceedings, appellant continued to occupy said tract and to operate the track thereon, and this conduct on the part of the appellant resulted in this suit. By the judgment in the former suit and by its conduct aforesaid, appellant has been a trespasser since March 8, 1909. On

the day of the trial, appellant filed an answer in two paragraphs—the first a general denial, and the second, in apparent defiance of said judgment, claiming absolute ownership, but averring that, before the suit was brought, it offered to pay appellee for the strip, and that she refused to accept, and then averring that "it now offers to pay plaintiff a fair value for said strip of land exclusive of the switch track as such value of said strip may be determined by the court or jury." Appellant offered no evidence of this offer to pay, the only evidence on that subject being the statement of appellee that about two years before the trial some one had offered her $1,500 for the tract.

The only error assigned is the overruling of appellant's motion for a new trial and, under this assignment, the appellant contends that the court 1-3. erred in admitting in evidence, for the purpose of proving the amount of damages, the testimony of certain witnesses as to the market value of appellee's farm with the switch track on it and also with the switch track off of it, in March, 1909, being the time of the expiration of the lease, and for a period of time covering six, seven or eight years preceding the date of the trial, and at the date of the trial. Appellant contends that the only proper evidence of the damages to the farm is that of the date of the appropriation of the tract by appellant. It also contends that it was error to admit in evidence the testimony of witnesses as to the rental value from year to year of appellee's farm for the seven or eight years preceding the date of the trial with the switch track off of it, and with the switch track on it, for the reason that appellee was not entitled to re-

cover rental value, and if so she could not recover for more than six years preceding the commencement of the action. By §5236 Burns 1914, §3907 R. S. 1881, a lawful method of procedure is provided by virtue of which the appellant could have acquired possession of and title to the real estate involved in this action. In case appellant and appellee could not agree, the appellant could have filed, under this section, an instrument of appropriation with the clerk of the circuit court and, when in due course of law the amount of the damages had been determined, appellant could have paid to the clerk of the court the amount thus assessed, or could have tendered it to the appellee, and on making such payment or tender thereof, in the manner as required in said section, the title of said tract of land would have passed to the appellant; but appellant did not choose to pursue this lawful course, but after the Owen Circuit Court had decreed that it had no right, title or interest in said real estate and had quieted the appellee's title thereto, and had enjoined the appellant from the use thereof, and after the judgment of said circuit court had been affirmed by this court, in open defiance of such judgment, appellant continued to occupy said tract of land without having taken any proper legal steps for the appropriation thereof. The court marvels at such high-handed conduct on the part of the appellant at a time when men, such as we presume the officers who were representing it to be, should set an example of upholding the dignity of the law as the only course to pursue for the safety of our government. The court has no hesitation in saying that such conduct was reprehensible and, if the amount recovered should contain an element of

exemplary damages, appellant may not complain. Thereby appellant became a trespasser, occupying said real estate wholly without right, and continued as such until the time of the trial and even yet so continues. There could be no lawful appropriation of said real estate while appellant so occupied it as a trespasser, and, as appears both by the pleadings and the evidence, no lawful steps were taken for the purpose of appropriating said real estate. We are not unmindful of appellee's paragraph of complaint charging appropriation, but it is most evident from the whole record that the term there used was used only in a sense of the unlawful holding from one that to which the wrongdoer has no right. Had appellant pursued the statutory course and filed its instrument of appropriation, there would be reason for its contention that the damages should have been assessed as of the date of such filing, but in this case appellant, even at the date of trial, filed its answer claiming to be the owner of said tract, although in the same pleading it offered to compensate the appellee therefor. Until that time there had been no effort to find the amount due and that should be paid, and before title could pass to the appellant, such amount must be determined and be paid. *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514.

Having failed to pursue a lawful course for the purpose of appropriating the real estate involved and, it not appearing that any steps were taken 4. for the purpose of determining the amount of damages and of appropriating such real estate, and, without a vestige of right after the former trial, claiming title until the date of the trial, appellant is not in position to claim that the damages

Pittsburgh, etc., R. Co. *v.* Sedwick—72 Ind. App. 131.

resulting from such appropriation should have been proved as of some other date than that of the trial. There was evidence of the value of this real estate with and without the switch track at times other than the date of the trial, but it did not substantially vary from the evidence given as to such damages at the time of the trial, and it was therefore harmless.

Appellee, by her third paragraph of complaint, seeks only to recover for the rental value of the strip of real estate so unlawfully occupied by the appellant for the time from March 8, 1909, to the time of the trial, averring that such real estate for the purposes for which it was used was of the rental value of $200 per annum, which amount was due and wholly unpaid, but by her evidence she undertakes to prove the amount of damages which she has suffered by reason of such unlawful occupancy, by proving the difference between the rental value of the farm of which such strip was a part during such period of unlawful occupancy with such switch track located thereon, and the rental value of the farm without such unlawful occupancy. She did not undertake to prove the rental value of the real estate unlawfully occupied as averred in her third paragraph of complaint, but, in lieu thereof, the decrease in the rental value of the whole farm because of the unlawful occupancy. While, under proper averments, such evidence might have been competent, under the issues it may not have been a proper method of proving damages, but we do not pass on this question for the reason that appellant has failed to present any question to this court by reason of the admission of such evidence by failing, so far as its brief shows, to make any objection to such evidence.

It does not appear, in appellant's statement of so much of the record as fully presents every error and exception relied on, that any objection was made to such evidence. The first reference to such objection is found in appellant's motion for a new trial, and the first statement of any reason for such objection is found under appellant's "Propositions under error relied upon, viz., the error in overruling appellant's motion for a new trial," under which heading it has first given, as the reason for objection to such evidence, that it was not material or competent to prove the plaintiff's damages by proving the rental value of her farm with the switch track on it and with the switch track off of it for the period of eight years preceding the date of the trial, the rental value of the farm not being material. This is not sufficient. Such objection and the reason therefor should be contained in the statement of the record aforesaid, to conform to the fifth clause of Rule 22 of this court. *Gwinn* v. *Hobbs* (1917), *post* 439, 118 N. E. 155; *Beatty* v. *Bartholomew County Agr'l Society* (1881), 76 Ind. 91.

Appellant predicates error upon the refusal of the court to give a certain instruction tendered by it, and upon the giving of a certain instruction by the court on its own motion. What purports to be these instructions and others appear in appellant's brief, but it does not appear by such briefs that they were signed by the court, or in any proper way ever excepted to by the appellant, or that they were by bill of exceptions or otherwise made a part of the record. Appellant must affirmatively show by its brief that the instructions are a part of the record, and it must properly pre-

sent the errors it relies on, with its exceptions. *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *Latsch* v. *Andree* (1912), 51 Ind. App. 242, 99 N. E. 451; *Traylor* v. *McCormick* (1917), 63 Ind. App. 695, 115 N. E. 346. No question is therefore presented.

We are satisfied that a correct result was reached, and the judgment is affirmed.