## POOLE v. MARTENS ET AL.

[No. 10,332.    Filed April 21, 1920.]

APPEAL.—*Briefs.*—*Statement of Record.*—*Rules.*—*Wills.*—Where neither the complaint nor the will is set out in appellant's brief, in an appeal in a suit to construe a will and quiet title, no question is presented for consideration, since Rule 22 of the Supreme and Appellate Courts requires a concise statement of so much of the record as fully presents every error and exception relied on; such defect not being cured by Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918.

From Porter Circuit Court; *Harry S. Crumpacker,* Judge.

Action by Mary Martens Poole against George Martens and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Mark B. Rockwell* and *Clarence Stockman,* for appellant.

*Kelly & Galvin* and *William H. Dowdell,* for appellees.

ENLOE, J.—This was an action by appellant against appellees, wherein she sought to have the court construe clauses three and five of the will of Hans Martens, deceased, and also to quiet her title to an undivided portion of certain lands, said by appellant, in her brief filed in this cause in this court, to have been described in her complaint.

Rule 22 of this and the Supreme Court governing the preparation of briefs on appeal requires that such brief shall contain "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript."

The brief of appellant does not show any attempt to comply with this rule.    The trial court sustained a de-

murrer to the complaint, and rendered judgment against appellant, from which ruling and judgment she prosecutes this appeal. Neither the complaint nor the will which we are asked to construe are set out in the brief, and we are left entirely to conjecture as to what the provisions of said clauses three and five were, upon which this action is supposed to be founded. *W. T. Rawleigh Co.* v. *Hughes* (1919), 70 Ind. App. 127, 121 N. E. 546. Neither is said defect cured by the provisions of §691a *et seq.* Burns' Supp. 1918, Acts 1917 p. 523; *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578. The said brief presents no question for our consideration, and the judgment is therefore affirmed.