## GALVIN v. BROWN.

[No. 11,067.    Filed January 12, 1922.]

1. APPEAL.—*Briefs.—Sufficiency.—Failure to Show Exception.* —Where appellant assigns as errors the overruling of the demurrer to the complaint, but his brief fails to show that he reserved any exception to such ruling, and this omission is not supplied by appellee's brief, no question with reference to the ruling is presented for review on appeal. p. 370.

2. APPEAL.—*Briefs.—Omissions.—Cure by Appellee's Brief.* — Although appellant's brief fails to show that he reserved an exception to the overruling of his motion for new trial, a showing in appellee's brief that such an exception was taken is sufficient to supply the omission. p. 371.

3. APPEAL.—*Questions Reviewable.—Matters Involving Consideration of Evidence.—Failure to File Bill of Exceptions.*—Where the bill of exceptions containing the evidence was not filed within the time allowed, the evidence is not in the record, and questions requiring consideration of the evidence cannot be reviewed on appeal. p. 371.

From Marion Circuit Court (31,192) ; *Harry O. Chamberlin,* Judge.

Action by Harry C. Brown against George W. Galvin. From a judgment for plaintiff, the defendant apeals. *Affirmed.*

*Hottel & Patrick,* for appellant.

*James W. Noel, Clinton H. Givan* and *Hubert Hickam,* for appellee.

BATMAN, P. J.—Appellant has assigned the action of the court in overruling his separate demurrer to each the first, second, and third paragraphs of appellee's complaint as error, but his brief fails to disclose that he reserved any exception to such ruling. This omission is not supplied by appellee's brief, and therefore under the settled rules governing the preparation of briefs, no question with reference to such ruling is presented for our determination as appears

from many decisions. *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *W. T. Rawleigh Co.* v. *Hughes* (1919), 70 Ind. App. 127, 121 N. E. 546; *Morgan* v. *Arnt* (1917), 63 Ind. App. 590, 114 N. E. 986; *Chaney* v. *Wood* (1916), 63 Ind. App. 687, 115 N. E. 333; *Traylor* v. *McCormick* (1916), 63 Ind. App. 695, 115 N. E. 346; *American, etc., Co.* v. *Indianapolis, etc., Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Chicago, etc., R. Co.* v. *Ader* (1915), 184 Ind. 235, 110 N. E. 67; *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *Miller* v. *Ruse* (1913), 54 Ind. App. 25, 101 N. E. 343; *Newman* v. *Horner* (1914), 55 Ind. App. 298, 103 N. E. 820; *Vandalia Coal Co.* v. *Bland* (1915), 59 Ind. App. 308, 108 N. E. 176.

The only other error assigned by appellant is based on the action of the court in overruling his motion for a new trial, but his brief fails to disclose that he reserved an exception to such ruling. However, appellee has copied into his brief that portion of the record in which such ruling appears, and an exception thereto by appellant is thereby shown. This serves to supply the omission in that regard in appellant's brief.

The record discloses that appellant's motion for a new trial was overruled on September 15, 1920, and sixty days were given in which to file a bill of exceptions. Afterwards, on November 16, 1920, the bill of exceptions, bound with the record and purporting to contain the evidence, was filed. This was not within the time given, and the evidence, therefore, is not in the record. This being true, there is nothing for our determination under said alleged error, as the only question which appellant has attempted to present thereby requires a consideration of the evidence. No question being presented on appeal, the judgment is affirmed.