## MILLER *v.* JOHNSON.

[No. 11,857.  Filed June 3, 1924.  Rehearing denied October 16, 1924.]

1.  NEW TRIAL.—*Counter affidavits admissible in motion on ground of newly-discovered evidence.*—When a motion for a new trial is based on newly-discovered evidence, counter affidavits are admissible, and, when filed, should be considered by the court in ruling on the motion.  p. 86.

2.  NEW TRIAL.—*Error in ruling on motion waived by omission from brief.*—A defendant who has filed a motion for a new trial based on newly-discovered evidence as to plaintiff's injuries waives any error in the court's ruling thereon by failing to state any proposition or point in his brief on appeal as to the damages being excessive.  p. 86.

3.  APPEAL.—*Waiver of error by omission of proposition in brief.*—In an action for personal injuries, the defendant waived any error in the rulings of the court involving the amount of damages by failing to state any proposition or point thereon in his brief.  p. 86.

4.  HIGHWAYS.—*Instruction as to speed of automobile held not erroneous under evidence.*—In an action for personal injuries resulting from the collision of a motor truck with a buggy which plaintiff was driving, an instruction that plaintiff could recover on proof that defendant's truck was operated "at a great or high rate of speed" was not erroneous where the evidence showed that the driver of the truck was unable to stop it in less than seventy-five feet from the place of collision although he put on the emergency brake with all his power just before it occurred.  p. 87.

5.  APPEAL.—*Error in instruction must be shown in brief.*—Alleged error in giving an instruction will not be considered on appeal where appellant has failed to point out in his brief wherein it is erroneous.  p. 88.

6.  TRIAL.—*Refusal to give instructions not error when already covered.*—It is not error to refuse to give requested instruction when the subject-matter thereof has been covered by instructions given by the court.  p. 88.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Katie J. Johnson against Edwin J. Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Arthur C. Call* and *Diven, Diven & Campbell,* for appellant.

*Ellison & Neff,* for appellee.

BATMAN, J.—Action by appellee against appellant to recover damages for personal injuries, alleged to have been caused by the negligence of an employee of the former, resulting in a collision between a truck which he was driving on a public highway, and a buggy in which appellee was riding. The complaint is in a single paragraph, and the answer thereto is a general denial. The cause was submitted to a jury for trial, resulting in a verdict of $7,500, on which a judgment of $5,000 was rendered, after a remittitur of all in excess of said amount had been entered. Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of the only error assigned on appeal.

Appellant's first contention is based on the ground of newly-discovered evidence, which is supported by the affidavits of himself and three persons upon whom he relies therefor. Appellee filed counter affidavits of herself and twelve other persons, prior to the court's ruling on appellant's motion for a new trial. In filing such counter affidavits, appellee was clearly within her rights, and it was the duty of the court to consider the same, in determining whether a new trial should be granted on the ground of newly-discovered evidence. *First Nat. Bank* v. *Gibbons* (1893), 7 Ind. App. 629; *Thornburg, Admr.,* v. *Buck* (1895), 13 Ind. App. 446; *Hammond, etc., R. Co.* v. *Spyzchalski* (1897), 17 Ind. App. 7. The affidavit of appellant relates only to his diligence to discover evidence before the trial, and to facts which he is informed are within the knowledge of said three other persons, whose affidavits he filed with his motion for a new trial.

The affidavits of said three other persons are confined to statements as to appellee's physical condition before and after the injury in question. In so far as they relate to her physical condition after the injury, they are so fully met by the counter affidavits filed by appellee as to render them ineffective as a basis for a new trial on the ground under consideration. And, in so far as they relate to her physical condition, either before or after her injury, the facts stated, if true, would only tend to reduce the amount of appellee's damages—a question which appellant has waived by failing to state any proposition or point thereon in his brief. *Indianapolis, etc., R. Co.* v. *Sample* (1915), 58 Ind. App. 461; *Sovereign Camp, etc.,* v. *Latham* (1915), 59 Ind. App. 290; *Scottish, etc., Ins. Co.* v. *B. E. Linkenhelt & Co.* (1918), 70 Ind. App. 324. Appellee has challenged the showing made by appellant on the question of diligence in seeking information, prior to the trial, on the subjects covered by the affidavits, but we are not required to consider such question, in view of what we have already stated. We conclude that the court did not err in overruling appellant's motion for a new trial on the ground of newly-discovered evidence.

The only remaining errors which appellant has attempted to present relate to the action of the court in giving and refusing to give certain instructions.

4. Appellee has challenged the sufficiency of appellant's brief to present any such questions, and her contention in this regard has much merit. However, after much hesitation, we have decided to consider certain of the alleged errors with reference to the instructions, which appellant claims to have presented. Complaint is made of the action of the court in giving instruction No. 2 on its own motion, in which the jury was informed that the complaint alleges, as an act of negligence, "that the defendant operated his

truck at a great or high rate of speed," and that she could recover on proof of such negligence alone, if she had otherwise established her cause of action. Appellant bases his contention that this instruction is erroneous on a claim that there is no evidence that his truck was operated as alleged. The evidence does not warrant such a claim, in view of the direct testimony in that regard, and the inference to be drawn from the circumstance, which the evidence tends to establish, that the driver was unable to stop the truck in less than seventy-five feet from the place of collision, although he put on the emergency brake with all his power, just before it occurred. There was no error in giving said instruction.

What we have said as to said instruction No. 2, applies with equal force to instructions Nos. 14, 20 and 22, given by the court on its own motion, and of which complaint is made on account of the reference to speed in each of them. Instruction No. 19, given by the court on its own motion, is also challenged, but as appellant has failed to point out in his brief wherein it is erroneous, we are not required to give the same any consideration.

Appellant complains of the action of the court in refusing to give certain instructions requested by him, but as he has not attempted to present any question, except as to No. 1, the others will not be considered. Said instruction contains a definition of an accident, and applies the same to certain facts of which there was evidence, but there was no error in refusing to give the same, as its subject-matter was substantially covered by instructions Nos. 21 and 23 given by the court on its own motion. *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518. Failing to find that the court erred in overruling appellant's motion for a new trial, the judgment is affirmed.